UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SITCHA RICHARD,                    )
                                   )
          Petitioner               )
                                   )
     v.                            )    Civil Action No.
                                   )    04cv30090-MAP
                                   )
FREDERICK MACDONALD, HIGH          )
SHERIFF, FRANKLIN COUNTY           )
HOUSE OF CORRECTION, et al.        )
                                   )
          Respondents              )

**RESPONDENT'S RETURN, AND MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

INTRODUCTION

The respondent[1] submits this memorandum of law in support of his motion to dismiss the petition for a lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The petitioner is subject to a final order of deportation issued by the Board of Immigration Appeals ("BIA") on February 25, 2004, and is being detained pursuant to that order. Petition, ¶ 1. The court should dismiss this action, because the petitioner has failed to

---

[1] This response is filed on behalf of the federal respondents, Tom Ridge, Secretary of the Department of Homeland Security, and the named officials within the Bureau of Immigration and Customers Enforcement. The only appropriate federal defendant in such actions, however, is Bruce Chadbourne, Interim Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement in Boston, Massachusetts.

1

exhaust administrative remedies, has not stated a colorable due process violation and has not been unlawfully detained.

## CASE BACKGROUND AND FACTS

The petitioner is a native and citizen of Cameroon who applied for relief from deportation in the form of political asylum. Petition, ¶ 11. On January 16, 2003, an immigration judge granted the petition. Petition, ¶ 12. Subsequently, the Department of Homeland Security moved to reopen the case based on new evidence. Petition ¶ 12. The immigration judge reopened the case, conducted a further hearing and on September 18, 2003, denied the petition for asylum. Petition ¶ 13. The petitioner appealed to the Board of Immigration Appeals ("BIA"), which on February 25, 2004, upheld the immigration judge's decision and dismissed the petitioner's appeal. Petition ¶ 14. The petitioner did not seek review in the United States Court of Appeals. He remains in respondent's custody pending execution of his deportation order.

## ARGUMENT

I.   I.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION IN HABEAS CORPUS PROCEEDINGS BECAUSE PETITIONER FAILED TO PURSUE THE PRESCRIBED AVENUE FOR JUDICIAL REVIEW**

The petition should be dismissed because the petitioner failed to pursue the required appeal to the United States Court of Appeals. See 8 U.S.C. § 1252(a)(2)(C). This

2

statutorily prescribed scheme for judicial review was fully available to petitioner but he chose not to pursue it. Therefore habeas corpus review of the deportation order is unavailable. See Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing] [a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Accordingly, the court lacks subject matter jurisdiction to review the BIA's February 25, 2004, deportation order.

II. **THE PETITIONER HAS NOT SET FORTH A COLORABLE CLAIM OF LEGAL OR CONSTITUTIONAL ERROR"**

Even if the petition were not barred by the petitioner's failure to seek statutorily prescribed judicial review, the petition fails to state a colorable claim within the scope of

3

habeas review.  See Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated."); Mahadeo v. Reno, 226 F.3d 3 (1st Cir. 2000) (same); Reid v. INS, 203 F.Supp.2d 47, 49 (D. Mass. 2002) (same); Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003)(where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry . . . the Court does not possess habeas jurisdiction").

In this case, the petitioner has not set forth a colorable statutory or due process claim.  First, the petitioner's attack on the immigration judge's decision to reopen his petition for asylum lacks merit.  A decision on a motion to reopen is a question of discretion not of pure law; therefore, absent a constitutional violation, habeas jurisdiction is not available.  Lopez, 267 F. Supp. at 153.

Morever, the claim that the reopening decision was made without a hearing and was based on inappropriate evidence does not rise to the level of a colorable due process claim.  The reopening was a procedural mechanism that resulted in a further hearing, at which the petitioner had an opportunity

4

to present evidence. Under such circumstances, the decision to reopen is not of constitutional magnitude.

The petitioner's due process attack on the use of hearsay evidence at the hearing similarly is unavailing. First, hearsay evidence may be used in immigration cases. Yongo v. Immigration and Naturalization Service, 355 F.3d 27, 31 (1st Cir. 2004) While there may be situations in which the unreliability of evidence raises due process concerns, this is not such a case.

In Ezeagwuna v. Ashcroft, 335 F.3d 396 (3d. Cir. 2003), the Third Circuit found a due process violation when the immigration judge relied solely on a State Department letter, that summarized the results of an investigation into the petitioner's asylum claim without providing any information about the nature or extent of the investigation.[2] In contrast, the immigration judge in this case obtained testimony from the individual who conducted the investigation. Reliance on such testimony did not violate the petitioner's due process rights. Yongo, 355 F.3d at 32.

Because petitioner has failed to state any colorable due process claim, his claim is not subject to habeas corpus review. Carranza v. INS, 277 at 71.

---

[2] The First Circuit refrained from endorsing the Ezeagwuna Decision. Yongo, 355 F.3d at 32.

5

## III. THE PETITIONER HAS NOT BEEN UNLAWFULLY DETAINED

The Supreme Court in Zadvydas v. Davis, 121 S. Ct. 2491 (2001), recognized six months as a presumptively reasonable period of detention within which to allow the government to accomplish an alien's removal. Moreover, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

In this case, the petitioner has not yet been detained for six months. Therefore, he does not pass even the first step of the analysis. Accordingly, the petitioner fails to state claim for unlawful detention.

### CONCLUSION

For all the reasons set out above, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Karen L. Goodwin
KAREN L. GOODWIN
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103
413-785-0269

Dated: July 9. 2004

6

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by sending a copy to the petitioner at the Franklin County Jail, 160 Elm Street, Greenfield, MA 01301; and Andrew Cohen, 1345 Beacon Street, Boston, MA 02146.

Karen L. Goodwin