IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD SITCHA,  )
  )
    Petitioner,  )
  )
    v.  )  Civil Action No.
  )
FREDERICK MACDONALD, et al.,  )  04cv30090-MAP
  )
    Respondents.  )
  )

### RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR RELEASE[1]

The respondents oppose the petitioner's motion for release because removal is reasonably foreseeable and the petitioner has refused to cooperate in obtaining travel documents. Therefore, release is not appropriate.

### BACKGROUND

The petitioner is a native and citizen of Cameroon who applied for relief from deportation in the form of political asylum. Petition, ¶ 11. On January 16, 2003, an immigration judge granted the petition. Petition, ¶ 12. Subsequently, the Department of Homeland Security moved to reopen the case based on new evidence suggesting that the petitioner's asylum claim was based on false information. Petition ¶ 12. The immigration

---

[1] The respondents have moved to dismiss that the petition for failure to exhaust administrative remedies and failure to state a claim. The motion is pending.

judge reopened the case, conducted a further hearing and on September 18, 2003, denied the petition for asylum. Petition ¶ 13. The petitioner appealed to the Board of Immigration Appeals ("BIA"), which on February 25, 2004, upheld the immigration judge's decision and dismissed the petitioner's appeal. Petition ¶ 14. The petitioner did not seek review in the United States Court of Appeals. He remains in the respondent's custody pending execution of his deportation order.[2]

On March 29, 2004, the Department of Homeland Security, Office of Immigration and Customs Enforcement ("ICE"), requested travel documents for the petitioner from the Cameroon Embassy in Washington, D.C. Ex. A, Declaration of Linda Trinks ("Trinks Dec.") ¶ 3. Anticipating the need for the petitioner to complete a travel document application, on June 16, 2004, Deportation Officer Linda Trinks met with the petitioner and requested that he complete and sign a passport application. Trinks Dec. ¶ 4. The petitioner refused to sign the application. Trinks Dec. ¶ 5. On that same date, Trinks attempted to serve the petitioner with notice of the consequences of refusing to sign necessary documents; the petitioner refused to accept service of the form. Trinks Dec. ¶ 6.

At the June 16, 2004, meeting, the petitioner said he wished to speak with his attorney concerning the forms. However, the

---

[2] The Immigration Judge set bond at $40,000; petitioner has not posted bond and, therefore, has remained in custody.

petitioner would not provide the name of an attorney. Trinks Dec. ¶ 7. After ICE learned from the United States Attorney's Office that the petitioner had retained John McKenna, on August 11, 2004, ICE faxed the passport application form to Attorney McKenna and requested that he have his client complete the form. To date, ICE has not received the completed and signed form from the petitioner or his lawyer. Trinks Dec. ¶¶ 7, 8. According to a consular officer with the Cameroon Embassy, the embassy will issue the travel documents once it receives the application signed by the petitioner. Trinks Dec. ¶ 9.

**ARGUMENT**

I.  INTRODUCTION

The bulk of the petitioner's motion for release argues the merits of his due process challenge to the second hearing on his asylum petition. The merits of his petition, including jurisdictional issues, are addressed in the respondents' motion to dismiss and are not discussed here.

With respect to the specific issue of release, the petitioner makes two arguments. First, he contends that release is necessary so he can assist in the prosecution of his petition. Second, he claims that release is required because there is not a reasonable likelihood that he would be removed in the foreseeable future. Both arguments lack merit.

II. <u>RELEASE IS NOT REQUIRED TO MAKE THE HABEAS REMEDY EFFECTIVE</u>

The petitioner has provided no support for his claim that release is required so that he may assist in the prosecution of his case. He implies that violence in the jail where he is detained will interfere in his ability to assist his counsel. However, he offers no evidentiary support for his claim that he was subjected to violence while in jail. At the petitioner's request, the court has ordered that he remain detained in Franklin County so that he will have access to his attorney. He has not provided any support for his claim that such access is not sufficient for meaningful interaction with his counsel

III. <u>RELEASE IS NOT WARRANTED AS THERE IS A REASONABLE LIKELIHOOD THAT THE PETITIONER WILL BE DEPORTED IN THE NEAR FUTURE AND THE PETITIONER HAS FAILED TO COOPERATE IN HIS REMOVAL</u>

Contrary to the petitioner's assertion, removal is reasonably foreseeable. It is the petitioner's own lack of cooperation that is standing in the way of the issuance of travel documents. Therefore, release is not required under <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

In <u>Zadvydas</u>, the Supreme Court held that "once removal [of an alien subject to a final order of removal] is no longer reasonably foreseeable, continued detention is no longer authorized by statute." <u>Id.</u> at 699. However, "the risk of indefinite detention that motivated the Supreme Court's statutory interpretation in <u>Zadvydas</u> does not exist when the alien 'has the keys [to freedom] in his pocket and could likely effectuate his

4

removal by providing the information requested by the INS.'" Lema v. INS, 341 F.3d 853, 856 (9th Cir. 2003), quoting Pelich v. INS, 329 F.3d 1057, 1060 (9th Cir. 2003). See also Powell v. Ashcroft, 194 F.Supp.2d 209 (E.D.N.Y. 2002) (petitioner's removal period extended based on his non-cooperation); Sango-Dema v. District Director, Immigration and Naturalization Service, 122 F.Supp.2d 213, 221 (D. Mass. 2000) (same).[3]

In the instant case, the Cameroon Embassy has informed ICE that the only thing standing in the way of the issuance of travel documents is receipt of the passport application form signed by the petitioner. Trinks Dec. ¶ 9. The petitioner, however, has refused to sign the form. Trinks Dec. ¶ 5, 7. Thus, he cannot use the government's inability to deport him as grounds for challenging continued detention.

IV. THE COURT LACKS JURISDICTION TO REVIEW THE ADMINISTRATIVE BOND DECISION

By statute, habeas jurisdiction under 28 U.S.C. § 2241 is only available to a person "who is in custody in violation of the laws or Constitution of the United States." Accordingly, habeas jurisdiction is limited to questions of constitutional or statutory law, and does not permit district courts to review

---

[3] Although Sango-Dema was decided before Zavydas, the court recognized that indefinite detention raised constitutional issues, but noted that such concerns were not implicated when the "primary obstacle" to removal was the petitioner's failure to cooperate. Id.

5

discretionary decisions by the INS. See <u>Gutierrez-Chavez v. INS</u>, 298 F.3d 824, 827 (9th Cir. 2002) (habeas statute does not allow a court to second guess the manner in which the INS chooses to exercise its discretion where there is no constitutional or statutory error); <u>Sol v. INS</u>, 274 F.3d 648, 651 (2d Cir. 2001) (same).

The determination of whether to grant bond, and how much the bond should be, is discretionary. See <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1339 (11th Cir. 2001) ("bond after the entry of a final order[,] is obtained solely at the discretion of the District Director"). The immigration judge set bond at $40,000. The court lacks jurisdiction to review that decision.

CONCLUSION

For the foregoing reasons, the Petitioner's Motion for Release should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Karen L. Goodwin

KAREN L. GOODWIN
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103
413-785-0235

Dated: August 23, 2004

CERTIFICATION

    This is to certify that a copy of the foregoing was mailed this date, postage prepaid, to John P. McKenna, Law Office of John P. McKenna, P.C., 1537 Main Street, Springfield, MA 01103.

*/s/ Karen L. Goodwin*
Karen L. Goodwin
Assistant U.S. Attorney

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SITCHA RICHARD, | ) |
| Petitioner | ) |
| | ) Civil Action No. |
| v. | ) 04cv30090-MAP |
| FREDERICK MACDONALD, HIGH SHERIFF, FRANKLIN COUNTY HOUSE OF CORRECTION, et al. | ) |
| Respondents | ) |

### DECLARATION

I, Linda Trinks, declare as follows under the penalties of perjury:

1. I am a Deportation Officer with the Department of Homeland Security, Office of Immigration and Customs Enforcement.

2. I am assigned to the deportation case of Richard Sitcha, who is subject to a final order of deportation to Cameroon.

3. On March 29, 2004, I made a request to the Cameroon Embassy in Washington, D.C. for the issuance of travel documents necessary to execute the final deportation order.

4. I know from my experience as a deportation officer, that the Cameroon Embassy would require that Mr. Sitcha complete a passport application. Therefore, on June 16, 2004, I met with Mr. Sitcha at my office and asked that he



GOVERNMENT EXHIBIT A

complete and sign a passport application. A copy of the application is attached.

5.  At the June 16, 2004, meeting, Mr. Sitcha informed me that he would not complete or sign the form. He also informed me that he wished to speak with his attorney; however, when asked for the name of attorney, he would not provide a name.

6.  At the June 16, 2004, meeting, I also attempted to serve Mr. Sitcha with a warning for failure to depart. The warned advises that willful failure to apply in good faith for travel documents is a criminal offense. Mr. Sitcha refused to sign for and accept the form. A copy of the form is attached.

7.  I subsequently learned through the United States Attorney's Office that Mr. Sitcha had retained John P. McKenna as his attorney. Accordingly, on August 11, 2004, I faxed the passport application form to Attorney McKenna and requested that he have his client complete the form. I also faxed Attorney McKenna a copy of the warning I had attempted to serve on Mr. Sitcha.

8.  To date, I have not received a completed passport application form from Mr. Sitcha or his attorney.

2

9. On August 13, 2004, I spoke by telephone with a consular officer at the Cameroon Embassy who told me that the Cameroon Embassy would issue travel documents for Mr. Sitcha once it received the completed and signed application form.

10. I know from my experience as a deportation officer that the United States has successfully deported individuals to Cameroon.

Signed under the penalties of perjury August 23, 2004.

_Linda Trinks_
Linda Trinks

**EMBASSY OF THE REPUBLIC OF CAMEROON**
2349 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20008

**AMBASSADE DE LA REPUBLIQUE DU CAMEROUN**
(202) 265-8790 - FAX : (202) 387-3826
E-MAIL : CDM@AMBACAM-USA.ORG

## DEMANDE DE PASSEPORT - APPLICATION FOR PASSPORT
(Décret N°60-264 du 31 Décembre 1960)

Je soussigné(e) _____
I, the undersigned
Né(e) le _____ à _____
Date of birth                    at
Fils ou Fille de _____
Son or Daughter of
Et _____
and                                                                 **PHOTO**
Profession _____ Employeur _____
Profession                    Employer
Adresse domicile _____ Tel. _____
Home Address
N° Apt _____ Ville _____ Code Postale _____ Tel. _____
Apt N°                  City              Zip Code                Etat _____
                                                                  State
Titulaire de la Carte Nationale d'Identité N° : 
Bearer of National Identification Card N°          Délivré le : _____
                                                   Issued on
Carte Consulaire N° _____
Consular ID Card N°                                Du : _____
                                                   Issued on

. **DECLARE SUR L'HONNEUR N'AVOIR NI ACQUIS NI SOLLICITE UNE AUTRE NATIONALITE**
**I HEREBY DECLARE THAT I HAVE NEITHER ACQUIRED NOR APPLIED FOR ANY OTHER NATIONALITY.**

. A L'HONNEUR DE SOLLICITER LA DELIVRANCE, PROROGATION, LE RENOUVELLEMENT (1) D'UN PASSEPORT CAMEROUNAIS EN MA FAVEUR.
I AM HEREBY REQUESTING THE DELIVERANCE, EXTENSION, RENEWAL (1) OF CAMEROONIAN PASSPORT IN MY FAVOR.

Motif :
Reason for request :
 . Passeport perdu
   Lost passport (2)
 . Passport périmé
   Expired passport (2)
   Numéro dudit passeport
   Passport N° _____    délivré le _____  à _____
                                issued on                 at
Autre raison à préciser
Other reason to be stated

. Ma signature engage ma responsabilité et m'expose en sus de poursuites prévues par la loi en cas de fausse déclaration, à me voir refuser tou passeport à l'avenir.
. I hereby certify engage that the information furnished by me on this application is true and complete to the best of my knowledge and belief. understand any material omission or misrepresentation may result in rejection of my application and/or any administrative or legal action.

_____                                  _____
Signature                                      Date

| RESERVE A L'ADMINISTRATION (FOR OFFICIAL USE ONLY) |
|---|
|  |
|  |
|  |

(1) Biffer la mention inutile (Cross out non-application).
(2) joindre un certificat de perte (Attache report of loss from police).

**U.S. Department of Justice**
**Immigration and Naturalization Service**

**Warning for Failure to Depart**

| Name: Richard S~~ETCHA~~ | District Office: HAR | File #: A 95 461 653 |
|---|---|---|

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who—
(A) willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,
(B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,
(C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or
(D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,
shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will NOT relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

* Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: 2-25-04 | Ordered Removed under Section: |
|---|---|

Served By: (Print Name and Title of Officer) LINDA TRINKS, Deportation Officer

Officer's Signature: Linda Trinks  DO    Location of Service: HAR    Date: 6/16/04

Served On: (Alien's Signature) refused to sign    Date: 06/16/04

Fingerprint of Alien (Specify finger used)

**Attach certified mail receipts here.**

Form I-229(a)
(Revised 12/04/02)

*Refused to accept personal delivery*