SITCHA RICHARD (08657)
~~(PETITIONER)~~ PETITIONER

DISTRICT OF MASSACHUSETTS

FREDERICK MAC DONALD HIGH
SHERIFF, FRANKLIN COUNTY JAIL
AND OTHERS

CIV N° 04 CV 30090-MAP

## MEMORANDUM OF DEFENSE AND MOTION TO BE RELEASED

### INTRODUCTION

THE PETITIONER SUBMITS THIS MEMORANDUM OF LAW IN SUPPORT OF HIS HABEAS CORPUS N° C4CV30090-MAP AND HIS MOTION TO BE RELEASED FROM HIS ILLEGAL DETENTION.

### CASE BACKGROUND AND FACTS

THE PETITIONER IS NATIVE AND CITIZEN OF CAMEROON WITH A LAWFUL ENTRANCE IN UNITED STATES IN OTHER TO SEEK FOR POLITICAL ASYLUM. PETITIONER REGULARY AND NORMALY FOLLOWED THE LAW OF UNITED STATES REGARDING ASYLUM PROCEEDINGS. PETITIONER ASYLUM WAS NORMALY GRANTED ON JANUARY 16th 2003 BY THE HONORABLE IMMIGRATION JUDGE MICHAEL W. STRAUSS. PETITIONER REAPPEARED IN COURT ON APRIL 13, 2003 BECAUSE PETITIONER CASE WAS REOPENED. PETITIONER APPEARED AGAIN TWICE IN THE COURT AND THE THIRD TIME ON SEPTEMBER 18th 2003 PETITIONER'S ASYLUM WAS REVOKED AND PETITIONER WAS ARRESTED ON THE SAME DAY IN THE COURTROOM AND SENT IN JAIL BECAUSE OF IMMIGRATION PILOT PROGRAM IN CONNECTICUT. PETITIONER APPEALED TO THE BOARD OF IMMIGRATION APPEALS WHICH DISMISSED PETITIONER'S APPEAL ON FEBRUARY 25th 2004.

### ARGUMENT

## I/ THE VIOLATION OF THE DUE PROCESS

### (A) THE VIOLATION OF THE PROCEDURAL DUE PROCESS

#### (1) BY THE IMMIGRATION JUDGE

THE IMMIGRATION JUDGE VIOLATED THE PROCEDURAL DUE PROCESS BY GRANTING THE MOTION TO REOPEN. THE INS COUNSEL SHOULD ASK FOR THE REOPEN WITHIN 45 DAYS. PETITIONER'S ASYLUM HAS BEEN GRANTED ON JANUARY 16th 2003 AND THE INS

②

COUNSEL SHOULD ASK FOR REOPEN BEFORE MARCH 18th 2003. PETITIONER WAS IN COURT FOR THE DEEPENING CASE AT THE FIRST TIME ON APRIL 13th 2003 NOT ON MARCH 18th 2003 AS IT'S SAID INSIDE THE ORAL DECISION. IT MEANS MORE THAN 45 DAYS. IN THE SAME ORAL DECISION IT'S ALSO SAID THAT ON MARCH 18th THE JUDGE POSTPONED THE NEXT HEARING ON SEPTEMBER 18th 2003. PETITIONER WAS IN COURT ON APRIL 13th AND WAS AGAIN TWICE BEFORE APPEARED ON SEPTEMBER 18th 2003.

② BY THE BOARD OF IMMIGRATION APPEALS (BIA).

PETITIONER'S COUNSEL'S PERFORMANCE AT THAT TIME WAS SO DEFICIENT AS TO AMOUNT TO THE SUBSTANTIAL EQUIVALENT OF NO REPRESENTATION AT ALL. AFTER 4 MONTHS IN JAIL PETITIONER NEVER GET ANY LEGAL VISIT, NO ANSWER FOR PETITIONER LETTERS, NO RESPONSE FOR PETITIONER LEGAL CALL. PETITIONER RIGHT TO COUNSEL AND EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED UNDER THE U.S. CONSTITUTIONAL AMENDMENT 6th AND 14th. PETITIONER'S COUNSEL SENT PETITIONER'S BRIEF OF APPEAL IN BIA ON FEBRUARY 3rd 5th 2004 WHILE THE LIMIT DUE DATE WAS OCT 20th 04 THE BIA DOES NOT ACCEPT EXTENSION FOR LATE APPEAL MORE THAN 21 DAYS. WITH THIS ADDITIONAL DAYS PETITIONER'S COUNSEL SHOULD HAVE SENT THE APPEAL BEFORE NOVEMBER 10th 2003. BUT PETITIONER APPEAL'S BRIEF HAS BEEN SENT 3 MONTHS AFTER THIS DATE. DESPISE OF THIS, THE BIA ENTERED A QUICK DECISION ON FEBRUARY 25th 2004. THE BIA SHOULD REJECT THE APPEAL FOR NO RESPECT OF THE DELAY. THIS APPEAL SHOULD BE DECLARED IRRECEIVABLE.

③ <u>THE PLURALITY OF DECISIONS IN THE SAME MATTER</u>

PETITIONER ASYLUM CASE HAS 5 DIFFERENT DECISIONS ENTERED BY THE SAME IMMIGRATION JUDGE. TWO DIFFERENT DECISIONS WHICH GRANTED PETITIONER ASYLUM ON JANUARY 16th 2003. TWO DIFFERENT DECISIONS WHICH DENIED PETITIONER ASYLUM ON SEPTEMBER 18th 2003. ONE DECISION PUTTING PETITIONER INTO CUSTODY ON OCTOBER 1st 2003 UPON $4000 BOND TO BE RELEASED. PETITIONER DIDN'T GET 3 OF THOSE 5 DECISIONS UNTIL SEE AND GET THEM AT THE END OF MARCH 2004 AFTER THE DELAY OF APPEAL OF BIA DECISION WHICH WAS ON MARCH 25th 2004. PETITIONER



WAS SO DEPRESSED AND EVEN MORE IF PETITIONER HAS RECEIVED ALL THESE DECISIONS ON TIME, THERE WILL BE A HUGE CONFUSION IN PETITIONER'S MIND TO KNOW WHICH ONE OF THOSE DECISIONS WAS APPROPRIATED FOR APPEAL. PETITIONER WAS RIGHT TO FIRE HIS LAWYER BECAUSE HIS ASSISTANCE WAS NOT EFFECTIVE. THE AMERICAN BAR ASSOCIATION (ABA) RULES OF PROFESSIONAL CONDUCT (RPC) SECTION 1 AND 2 CONTAINS 21 ETHICS RULES (ER) SEE ER A SAYS LOYALTY TO A CLIENT IS SO IMPAIRED WHEN A LAWYER CANNOT CONSIDER, RECOMMENT OR CARRY OUT AN APPROPRIATE CAUSE OF ACTION FOR THE CLIENT BECAUSE OF THE LAWYER'S OTHER RESPONSABILITIES OR INTERESTS. THAT'S WHY PETITIONER FIRED HIS LAWYER FOR MISREPRESENTATION.

    (B) VIOLATION OF PETITIONER DUE PROCESS OF DEFENSE

      (A) BY THE IMMIGRATION JUDGE

PETITIONER'S HEARING ON SEPTEMBER 15th 2003 WAS RESUMED ONLY FOR A PHONE CALL TO THE U.S EMBASSY IN CAMEROON BETWEEN AN EMBASSY AGENT AND THE INS COUNSEL THEN BETWEEN PETITIONNER'S LAWYER AND THE SAME AGENT. AFTER THIS THE IMMIGRATION JUDGE REVOKED PETITIONER ASYLUM AND PETITIONER WAS SENT IN JAIL. PETITIONER DIDN'T GET ANY TIME TO DEFEND HIS CAUSE. (PETITIONER CAN CALL FOR WITNESSES AT THIS POINT)

    PETITIONER'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER 6th AND 14th AMENDMENT OF THE U.S CONSTITUTION AND HIS 1st AMENDMENT RIGHT ALLOWING ACCESS TO THE COURT WAS VIOLATED WHEN ON JANUARY 12 2004 AFTER 4 MONTHS IN JAIL PETITIONER NOTICED THAT THE IMMIGRATION JUDGE'S DECISION ON OCTOBER 1st 2003 WAS NOT CONCERNING PETITIONER'S ASYLUM CASE. PETITIONER WROTE A MOTION TO THE COURT AND SENT A COPY TO HIS COUNSEL BUT PETITIONER MOTION WAS NOT TAKEN INTO CONSIDERATION AND PETITIONER NEVER GET ACCESS TO THE COURT TO BE HEARD ABOUT HIS MOTION. STRICKLAND V. WASHINGTON 466 U.S. 668, 657-688, 104 S CT 2052, 2064 (1034). WHEN COUNSEL'S PERFORMANCE AMOUNT TO A CONSTRUCTIVE DENIAL OF ASSISTANCE ALTOGETHER



IT'S LEGALLY PRESUMED TO RESULT IN PREJUDICE. ID AT 692, 104 S CT 2044. IN ALL OTHER SITUATIONS PREJUDICE IS SHOWN IF IS A REASONABLE PROBABILITY THAT, BUT FOR COUNSEL UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. IF PETITIONER WAS GIVEN ACCESS IN COURT FOR HIS MOTION, PETITIONER SHOULD PROBABLY LEAVE THE JAIL AT THAT TIME AND CONTINUE FIGHTING HIS CASE BEEING FREE. IN THE CASE OF GLASSER V. U.S 3115 U.S 60 (1942) MAKES CLEAR THAT EFFECTIVE ASSISTANCE OF COUNSEL IS GUARANTEED BY THE 6th AMENDMENT OF THE U.S CONSTITUTION.

PETITIONER COUNSEL WAS SO DEFICIENT IN IS PERFORMANCE AS TO AND FOR THE FACT HE FAILED TO SEND TO HIS CLIENT COPIES OF THE SEPTEMBER 18th DECISIONS. IT'S FOR LAWYER'S DUTY TO INFORM HIS CLIENT BY SENDING TO HIM COPIES OF ALL LEGAL DOCUMENTS AND PAPER WORK REFERING TO HIS CLIENT'S CASE IN OTHER TO KEEP HIM UPDATED FOR HIS PROCEEDING. DEFENSE COUNSEL SHOULD BE GUIDED BY THE AMERICAN BAR ASSOCIATION STANDARDS. THIS LACK OF COPIES OF MANY DECISIONS AND OTHERS LEGAL PAPERS ABOUT PETITIONER'S CASE ON TIME WAS ANOTHER CAUSE WHY PETITIONER WAS NOT ABLE TO MAKE APPEAL TO THE BIA'S DECISION.

(2) BY THE BOARD OF IMMIGRATION APPEALS (BIA)

THE BIA VIOLATED PETITIONER DUE PROCESS OF DEFENSE. ON FEB 6th 2004 PETITIONER RECEIVED FROM IS LAWYER COPIES OF BRIEF SENT TO THE BOARD ON HIS BEHALF. THIS APPEAL'S BRIEF WAS ALREADY LATE, BUT FURTHER MORE PETITIONER WAS CHARGED UNDER SECTION 237(A)(2)(B) AND PETITIONER HAS NEVER BEEN CHARGED IN U.S OR ANY WHERE ELSE. PETITIONER ON FEBRUARY 10th 04 WROTE TO THE BIA TO INFORM THE BOARD THAT PETITIONER COUNSEL WAS FIRED FOR MISREPRESENTATION AND NOT TO TAKE INTO CONSIDERATION ANY THING COMING FROM HIM ON PETITIONER BEHALF. DESPISE OF ALL THIS THE BOARD QUICKLY ENTERED A DECISION ON FEBRUARY 25th 2004 AGAINST PETITIONER. PETITIONER BELIEVES THAT THE CANONS OF PROFESSIONAL ETHICS

MUST BE ENFORCED BY THE COURTS AND MUST BE RESPECTED BY MEMBERS OF THE AMERICAN BAR ASSOCIATION (ABA) IF WE ARE TO MAINTAIN PUBLIC CONFIDENCE IN THE INTEGRITY AND IMPARTIALITY OF THE ADMINISTRATION OF JUSTICE. IN RE MEEKER, 76 N.M 354, 357, 414 P, 2D 862 864 (1966).

PETITIONER ALSO SENT ON MARCH 2004 ANOTHER LETTER TO THE BIA IN ANOTHER TO COMPLAIN ABOUT THE FACT THAT PETITIONER DUE PROCESS OF DEFENSE HASN'T BEEN TAKEN IN CONSIDERATION. BUT THIS LETTER WAS RETURNED TO PETITIONER WITHOUT ANY COMMENT.

## II | PETITIONER DETENTION IS ILLEGAL FOR LACK OF LEGAL OR CONSTITUTIONAL BASIS

### (A) PETITIONER DIDN'T ASK FOR ASYLUM AS RELIEF.

#### ① THE IMMIGRATION PILOT PROGRAM IN CONNECTICUT

WHILE PETITIONER WAS SENDING IN JAIL ON SEPTEMBER 18TH 2003 FOR A CIVIL MATTER, HIS LAWYER LET HIM KNOW THAT IT WAS BECAUSE OF IMMIGRATION PILOT PROGRAM IN CONNECTICUT. BUT IN NO DECISION IT'S SAYING THAT PETITIONER IS DETAINED BECAUSE OF THE PILOT PROGRAM. IN A COUNTRY OF LAW AND FREEDOM, LIBERTY IS THE PRINCIPLE AND DETENTION THE EXCEPTION. ANY DETENTION SHOULD BE DETERMINED BY A LEGAL OR CONSTITUTIONAL BASIS. PETITIONER HAS FOLLOWED THE LAW, JUST THE LAW AND ONLY THE LAW WHILE ASKING FOR POLITICAL ASYLUM. IT'S UNLIKELY THAT THE GOVERNMENT CAN ISSUE A LAW TO PUNISH PEOPLE WHO ARE JUST FOLLOWING THE LAW. IF IT WAS THE CASE PETITIONER BELIEVES THAT IT'S UNCONSTITUTIONAL. SEEKING FOR ASYLUM IS RULED BY FEDERAL LAW; IT'S LIKEWISE UNLIKELY THAT THE GOVERNMENT CAN ISSUE SUCH A LAW ONLY IN CONNECTICUT WHILE OTHERS SEEKERS OF ASYLUM IN OTHERS STATES WAS FREE FOR FIGHTING THEIR CASE EVEN WHEN IT WAS DENIED BY THE IMMIGRATION JUDGE. PETITIONER BELIEVES THAT CONNECTICUT IS A PART OF ALL THE 50 STATES OF U.S.A



BUT NOT A STATE APART AND SHOULD NOT HAVE HIS OWN FEDERAL LAW.

PETITIONER'S ASYLUM CASE WAS PENDING IN COURT FOR MORE THAN ONE YEAR AND EVEN THOUGH IT'S ADMIT THAT THE PILOT PROGRAM WAS LEGAL, IT SHOULD CONCERN NEW MATTERS AND SHOULD NOT RETROACT FOR OLD MATTERS EVEN IF THE DECISION WAS ENTERED ON SEPTEMBER. THE PRINCIPLE OF NO RETROACTIVITY OF THE EFFECTS OF LAW HAS BEEN VIOLATED.

(3) PETITIONER IS FALSELY CHARGED UNDER SECTION 237(1)(A)(B) AND UNDER 8CFR PART 236.

INSTEAD TO SEE THE IMMIGRATION PILOT PROGRAM AS THE REASON SENDING PETITIONER IN JAIL, PETITIONER WAS ASTONISHED TO SEE THAT HE IS CHARGED UNDER SECTION 237(1)(A)(B) IN ONE DECISION AND IN ANOTHER UNDER 8CFR PART 236. IT'S THE "INTEREST OF JUSTICE", IT'S THEIR, THE DUTY TO KEEP AN INNOCENT PERSON FROM BEING ACCUSED AND PUNISHED FOR SOMETHING HE OR SHE DID NOT DO. US V. TWEEL 55LF 2D 297, 299-300 HAS THIS TO SAY ABOUT SUCH SILENCE. BOTH PETITIONER LAWYER AND INS COUNSEL KNEW PETITIONER'S INNOCENCE FOR THOSE CHARGES. PETITIONER DIDN'T ASK FOR POLITICAL ASYLUM IN POSITION OF DEFENDER, PETITIONER WAS IN FRONT OF AN ASYLUM OFFICER WHO IS THE BEGINNING OF A NORMAL ASYLUM PROCEEDING. PETITIONER ALSO NEVER FAILED TO APPEAR TO COURT AND NEVER BEEN SENT ANY NOTICE TO APPEAR.

BOTH PETITIONER'S LAWYER AND INS COUNSEL KNOW PETITIONER HAS NEVER BEEN CHARGED UNDER 8CFR PART 236. THERE IS NO PROOF. THIS DECISION WAS ENTERED BY THE IMMIGRATION JUDGE IN OCTOBER 1st 2003. THIS DECISION HAS A DIFFERENT DATE OF APPEAL (OCT 31st 2003) PETITIONER'S APPEAL DATE WAS ON OCTOBER 20TH 2003. THIS IS THE DECISION SAYING PETITIONER WAS PUT INTO CUSTODY UPON $40.000°° BOND TO BE RELEASED. THIS DECISION DID NOT SAY ANYTHING CONCERNING PETITIONER ASYLUM CASE. PETITIONER BELIEVES THAT THERE CAN BE NO FAIR TRIAL UNLESS AN ACCUSED RECEIVES THE SERVICES OF AN EFFEC-



TIVE AND INDEPENDENT COUNSEL.

(B) PETITIONER'S ASYLUM RIGHTS WAS VIOLATED

(1) PETITIONER DETENTION AT THE MIDST OF HIS ASYLUM'S PROCEEDINGS

PETITIONER WAS INFORMED IN THE ASYLUM APPLICATION ABOUT THE ASY-LUM PROCEEDINGS. THERE WAS NO MENTION WITHIN THE APPLICATION SAYING THAT PETITIONER WOULD BE DETAINED DURING THE PROCEEDING. PETITIONER WAS ARRESTED IN THE COURTROOM AND SENT IN JAIL WHILE HIS CASE WAS SUPPOSED TO STILL BE PENDING IN THE BIA. FOR A CIVIL MATTER PETITIONER HAS BEEN DETAINED FOR MORE THAN 6 MONTHS IN A MAXIMUM SECURITY PRISON WITH CRIMINALS AND DRUG DEALERS AND HAVE BEEN BEATEN BY HIS CRIMINAL CELLMATE. PETITION CONTINUE TO BE DETAINED FOR MORE THAN ONE YEAR. PETITIONER SHOULD BE RELEASED SINCE THE SUPREME COURT RULED IN THE CASE OF ASCROFT V MA AND ZADYYDAS V DAVIS THAT INS CANNOT DETAIN-NED AN ALIEN INDEFINITELY. INS HAS 6 MONTHS TO DETAIN CRIMINALS AFTER THEIR SENTENCE FINISHED AND 3 MONTS (90 DAYS) FOR CIVIL MATTERS PETITIONER IS MORE THAN 6 MONTHS AND PETITIONER NEVER BEEN SENTEN-CED.

(2) PETITIONER'S RIGHT TO LEAVE THE COUNTY

EVEN IF IT WAS ADMITTED THAT PETITIONER ASYLUM WAS REGULAR-RY DENIED. PETITIONER IS NOT CONVICTED FOR ANY CRIME OR FELONY INSIDE THE UNITED STATES NOR ANYWHERE. PETITIONER SHOULD HAVE BEEN GIVEN A AMOUNT OF REASONABLE TIME TO LEAVE THE COUNTRY AND SEEK HIS ASYLUM SOMEWHERE ELSE. IT'S UNLIKELY THAT PETITIONER IS REFUSED ASYLUM AND ALSO HIS RIGHT TO SEEK HIS ASYLUM SOMEWHERE ELSE. PETITIONER WAS AWARED WHILE APPLYING FOR ASYLUM THAT AT THE END OF THE PROCEEDING IF HIS ASYLUM WAS REFUSED PETITIONER WILL BE GIVEN 120 DAYS TO LEAVE THE COUNTRY. IF AFTER THIS DELAY PETITIONER STILL BE INSIDE U.S. TERRITORY AND BE CAUGHT HE IS THEN UNLAWFUL AND SUBJECT OF DEPORTATION.

THE GOVERNMENT FAILED TO RESPECT PETITIONER RIGHT AND REFUSED PETITIONER RIGHT TO SEEK HIS ASYLUM SOMEWHERE ELSE. THE GOVERNMENT DIDN'T GIVE PETITIONER THE 120 DAYS BUT HAS ARRESTED PETITIONER PUT HIM IN DETENTION BEFORE THE END OF THE PROCEEDINGS.

(3) RETENTION OF PETITIONER'S ORIGINAL DOCUMENTS.

PETITIONER WAS ALSO AWARDED THAT INS WILL MAKE COPIES OF PERSONAL DOCUMENTS AND ORIGINAL WILL BE GIVEN BACK. PETITIONER'S ORIGINAL DOCUMENTS IS DETAINED BY INS SINCE JANUARY 16th 2003 AND DESPISE OF PETITIONER REQUESTS HAS THE ORIGINAL OF HIS LAW DEGREE DIPLOMA, MARRIAGE CERTIFICATE, BIRTH CERTIFICATE AND FOR HIS TWO KIDS ARE STILL DETAINED BY INS FOR ALMOST TWO YEARS.

## PRAYER FOR RELIEF

WHEREFORE, PETITIONER PRAYS THE COURT, ORDER RESPONDENTS TO RELEASE THE PETITIONER FROM THEIR CUSTODY UNDER A PROMISE TO APPEAR (P.T.A) OR UNDER A REASONABLE BOND OR CONDITIONS OF SUPERVISION. ORDER INS TO GIVE BACK PETITIONER ORIGINAL DOCUMENTS.

RESPECTFULLY SUBMITTED

DATE: 10-02-04.                                    SITCHA RICHARD

# CERTIFICATE OF SERVICE

I, SITCHA RICHARD, PETITIONER CERTIFIES THAT A COPY OF THE FOREGOING MEMORANDUM WAS SENDING BY U.S MAIL TO

- ASSISTANT UNITED STATES ATTORNEY KAREN GOODWIN

   U.S ATTORNEY'S OFFICE

   1550 MAIN STREET ROOM 310

   SPRINGFIELD, MA 01103


- JOHN. P. MCKENNA

   1537 MAIN STREET SUITE 305

   SPRINGFIELD MA 01103


SITCHA RICHARD