UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SITCHA RICHARD,                    )
                                   )
            Petitioner             )
                                   )        Civil Action No.
      v.                           )        04cv30090-MAP
                                   )
FREDERICK MACDONALD, HIGH          )
SHERIFF, FRANKLIN COUNTY           )
HOUSE OF CORRECTION, et al.        )
                                   )
            Respondents            )

## NOTICE OF FILING DOCUMENTS AND CITATION OF
## SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS

The respondent,[1] pursuant to the court's October 6, 2004,

order, hereby files copies of the following documents:

    1.    March 3, 2003, Motion to Reconsider and Reopen
          Proceedings, filed by the Immigration and
          Naturalization Service;

    2.    Transcripts of hearings and decisions dated January
          16, 2003, April 15, 2003, June 17, 2003, July 22,
          2003, and September 18, 2003;

    3.    February 10, 2004, letter from Petitioner to the
          BIA;

    4.    February 27, 2004, motion and letter from
          Petitioner.

---

[1] This response is filed on behalf of the federal respondents,
Tom Ridge, Secretary of the Department of Homeland Security,
and the named officials within the Bureau of Immigration and
Customers Enforcement.  The only appropriate federal
defendant in such actions, however, is Bruce Chadbourne,
Interim Field Director for Detention and Removal, Bureau of
Immigration and Customs Enforcement in Boston, Massachusetts.

In addition, the respondent respectfully brings to the court's attention a recent First Circuit decision addressing the jurisdiction of the district court to consider a petition for habeas corpus relief when the petitioner has failed to pursue his statutory appeal rights. In Rivera-Martinez v. Ashcroft, __ F.3d __, 2004 WL 2474417 (1st Cir. Nov. 4, 2004) (copy attached), the court held that the district court lacks habeas jurisdiction to consider claims the petitioner "could have, but did not, press on statutory direct review."   While the court recognized that there could be situations where a petitioner might be relieved of exhaustion obligations on "prudential grounds," it held that dismissal was appropriate in "a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review."

There are no extraordinary circumstances present in the instant case that warrant an exception to the requirement of exhaustion.   The petitioner has argued that he was unable to pursue an appeal because he was in the medical unit of the jail in which he was being detained in early February, 2004. However, the medical records submitted by the petitioner show that his stay in the infirmary was of a short duration and that on release, he was in good spirits and ready to return to the population.   In addition, correspondence dated

February 10, 2004, and February, 27, 2004, attached to this notice, establishes that the petitioner's incarceration did not prevent him from taking steps to do what he viewed to be in his own best interests.

## CONCLUSION

For the reasons set out above and in previous memoranda, the petition should be dismissed and all other relief denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:

KAREN L. GOODWIN
Assistant U.S. Attorney
1550 Main Street
Springfield, MA 01103
Dated: November 8, 2004    413-785-0269

## CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by sending a copy to John P. McKenna, McKenna and Associates, P.C., 1357 Main Street, Suite 305, Springfield, MA 01103.

Karen L. Goodwin

2004 WL 2474417
--- F.3d ---
**(Cite as: 2004 WL 2474417 (1st Cir.(Mass.)))**

Only the Westlaw citation is currently available.

United States Court of Appeals,
First Circuit.

Angel Yuanes **RIVERA-MARTINEZ**, Petitioner,
Appellant,
v.
John D. ASHCROFT, United States Attorney
General, Respondent, Appellee.

No. 03-2032.

Nov. 4, 2004.

Appeal from the United States District Court for the
District of Massachusetts, Douglas P. Woodlock,
U.S. District Judge.

Emanuel Howard, for petitioner-appellant.

Barry J. Pettinato, Senior Litigation Counsel, Office
of Immigration Litigation, United States Department
of Justice, with whom Peter D. Keisler, Assistant
Attorney General, Civil Division, and David V.
Bernal, Assistant Director, were on brief, for
respondent-appellee.

Before TORRUELLA, Circuit Judge, ROSENN,
[FN*] Senior Circuit Judge, and HOWARD, Circuit
Judge.

> FN* Of the United States Court of Appeals
> for the Third Circuit, sitting by designation.

PER CURIAM.

*1 Angel Yuanes Rivera-Martinez ("Rivera"), a
native and citizen of the Dominican Republic, was
admitted to the United States as a lawful permanent
resident in 1981. Sixteen years later, he was
convicted of raping a child and sentenced to eight
years' imprisonment. The Immigration and
Naturalization Service ("INS") [FN1] initiated
removal proceedings in September 2001, charging
Rivera with removability under 8 U.S.C. §
1227(a)(2)(A)(iii) as an "alien ... convicted of an
aggravated felony." [FN2] At a hearing before an
immigration judge ("IJ"), Rivera argued that he was
not subject to removal proceedings because he is a
United States citizen--a status he claimed derives
from his father's naturalization in April 1981. [FN3]
After considering and rejecting this argument, [FN4]

the IJ ordered Rivera removed. Rivera appealed to
the Board of Immigration Appeals ("BIA") and again
raised his citizenship claim, but to no avail. The BIA
summarily affirmed the IJ's order of removal. Rivera
did not petition this court for review of the BIA's
decision, as he was entitled to do. *See Batista v.
Ashcroft,* 270 F.3d 8, 12 (1st Cir.2001).

> FN1. On March 1, 2003, the INS ceased to
> exist as an agency within the Department of
> Justice. Its enforcement functions were
> transferred to the Department of Homeland
> Security. *See* Homeland Security Act of
> 2002, Pub.L. No. 107-296, 116 Stat. 2135
> (2002). Because the events at issue here
> predate that reorganization, we refer to the
> INS in this opinion.

> FN2. "Any alien who is convicted of an
> aggravated felony is deportable." 8 U.S.C. §
> 1227(a)(2)(A)(iii). An "alien" is defined as
> "any person not a citizen or national of the
> United States," *id.* § 1101(a)(3), and an
> "aggravated felony" is defined as, *inter alia,*
> "murder, rape, or sexual abuse of a minor,"
> *id.* § 1101(a)(43)(A).

> FN3. *See* 8 U.S.C. § 1432(a)(3) (1982)
> (repealed 2000) ("A child born outside of
> the United States of alien parents ...
> becomes a citizen of the United States upon
> fulfillment of the following conditions: (1)
> The naturalization of both parents; or (2)
> The naturalization of the surviving parent if
> one of the parents is deceased; or (3) The
> naturalization of the parents having legal
> custody of the child when there has been a
> legal separation ...; and if (4) Such
> naturalization takes place while such child
> is unmarried and under the age of eighteen
> years; and (5) Such child is residing in the
> United States pursuant to lawful admission
> for permanent residence at the time of
> naturalization of the parent....").

> FN4. Rivera argued specifically that he
> satisfied prongs three, four, and five of 8
> U.S.C. § 1432(a)(3), *see supra* n. 3, and
> thus was entitled to citizenship. The IJ
> disagreed, finding that Rivera--who had
> been born out of wedlock--could not satisfy
> prong three, *see* 8 U.S.C. § 1432(a)(3)("(3)
> The naturalization of the parents having
> legal custody of the child *when there has
> been a legal separation* ....") (emphasis
> added), because Rivera's parents had never
> been legally separated.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

In February 2003, nearly eight months after the BIA's decision, Rivera filed in the district court a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. The petition advanced the exact same nationality argument presented to and rejected in the administrative proceedings. The district court dismissed the petition, noting that Rivera "ha[d] come belatedly and to the wrong court." The court reasoned:

> Despite the substantial restrictions recently imposed upon judicial review of immigration decisions, the First Circuit has recognized that the statutory right of judicial review under 8 U.S.C. § 1252(a) remains viable where a claim of citizenship is raised. *See, e.g., Batista v. Ashcroft,* 270 F.3d 8, 12 (1st Cir.2001); *Fierro v. Reno,* 217 F.3d 1, 3 (1st Cir.2000). And, because there exists a specific statutory review process for such claims, there is no basis to invoke habeas corpus jurisdiction to provide a duplicative review process or vary that which Congress has provided. *See, e.g., Foroglou v. Reno,* 241 F.3d 111, 115 (1st Cir.2001); *Arloo v. Ashcroft,* 238 F.Supp.2d 381, 383 (D.Mass.2003).

> Had the instant petition been filed in this court in a timely manner, I would be inclined to treat the case as a petition for judicial review under § 1252 and transfer the case to the Court of Appeals which has been assigned review responsibilities for such matters by Congress. However, the filing of the petition is not even arguably timely. Under § 1252(b) any petition for review must be filed within 30 days following final agency action on the order of removal. Thus, the limitation period for judicial review as to the order [Rivera] challenges here expired on or about June 7, 2002. The instant proceeding was not commenced until over six months later. [Rivera] may not escape the limitations period Congress has established for the route to judicial review by seeking to develop in a leisurely manner an alternative path Congress has not authorized.

*2 Rivera filed an untimely notice of appeal from the district court's order, but because the district court docket showed that the dismissal order sent to Rivera was returned as undeliverable, we remanded for consideration whether the time for appeal should be extended or reopened. *See* Fed. R.App. P. 4(a)(5) & 4(a)(6). In doing so, we observed that this appeal "appears to present the question we left open, but described as 'difficult and novel,' in *Seale v. INS,* 323 F.3d 150, 153 (1st Cir.2003) ('Neither the Supreme Court nor this court has had occasion to decide whether the district court has habeas jurisdiction over a removal order where an alien's objection to the order would also have been susceptible to adjudication in the courts of appeals in a statutory direct review proceeding.')." Thereafter, the district court extended the time for filing the notice of appeal and we appointed counsel to represent Rivera.

In his brief, Rivera presents only two arguments other than those directed at the merits of his nationality claim: that neither 8 U.S.C. § 1252(a)(2)(C) nor 8 U.S.C. § 1252(b)(5) [FN5] stripped the district court of habeas jurisdiction over his nationality claim, notwithstanding that the claim could have been advanced in a petition for review of the BIA's judgment. [FN6] Rivera's statutory arguments (which counter the Attorney General's arguments that these statutes are jurisdiction-strippers in the present circumstances) may or may not be correct, but Rivera has put the cart before the horse. The district court did not base its dismissal on a conclusion that either of these statutes stripped it of jurisdiction to entertain Rivera's petition. Instead, as set forth above, the court simply ruled that Rivera could not use 28 U.S.C. § 2241 to pursue a claim that he could have, but did not, press on statutory direct review. In other words, the court concluded that Rivera's claim was procedurally defaulted. [FN7]

> FN5. We reproduce these two statutes, along with additional provisions of § 1252(a) and (b) that provide broader statutory context, in an appendix to this opinion.

> FN6. The issue left open in *Seale* and mentioned in our pretrial order was whether § 1252(a)(2)(C) acts as a jurisdiction-stripper where direct review remains available. *Seale* did not discuss § 1252(b)(5).

> FN7. We recognize that the alternative bases for affirmance advanced by the Attorney General may be regarded as "jurisdictional." *See generally Seale,* 323 F.3d at 152-54. We also recognize that, as a general matter, courts are to decide "jurisdictional" questions before proceeding to merits issues. *See id.* at 154-57 (discussing application of *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (2001) in a similar context). But where the outcome of this appeal is foreordained by circuit precedent on a merits issue, we do not need to resolve arguably "jurisdictional"

issues of the sort presented in this appeal before proceeding to the merits. *See id.*

In this case, the outcome of the appeal is foreordained by application of circuit precedent to a merits issue. *See infra.* Moreover, there is at least one important aspect of the "jurisdictional" inquiry that is difficult and has not been briefed: if a person put into removal proceedings immediately goes to federal court and seeks a declaration that he is a citizen, whether and to what extent the analysis in *Thunder Basin Coal Co. v. Reich,* 510 U.S. 200 (1994), should guide the inquiry into congressional intent with respect to jurisdiction-stripping. We therefore will defer decision of the jurisdictional issue.

In the absence of any argument that this ruling was erroneous, we have no warrant to upset the district court's judgment. *Cf. In re Public Serv. Co. of N.H.,* 879 F.2d 987, 989-90 (1st Cir.1989) (per curiam) (affirming because appellant failed to challenge an independent basis for a lower court decision). In any event, we do not see any error in the court's ruling under the circumstances of this case. This is not a case in which, for example, Rivera sought during the pendency of the administrative proceedings to challenge in a federal court the Attorney General's authority to place him in those proceedings. *Cf. Thunder Basin Coal Co. v. Reich,* 510 U.S. 200, 207-18 (1994) (discussing factors to be considered in determining whether interested parties may bypass administrative proceedings with statutory review and proceed directly to federal court for a "preenforcement" determination of rights); *Eastern Bridge LLC v. Chao,* 320 F.3d 84, 88-91 (1st Cir.2003) (applying the *Thunder Basin* doctrine). Nor is this a case in which Rivera has argued, or in which there is some reason to believe, that Rivera should be relieved of exhaustion obligations on prudential grounds. *Cf. Hernandez v. Reno,* 238 F.3d 50, 54-55 (1st Cir.2001) (permitting alien to press a due process/ineffective assistance of counsel claim by way of habeas notwithstanding petitioner's failure to await resolution of parallel administrative proceedings in which same claim was raised). Rather, as the district court recognized, this is a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on direct review.

*3 We previously have recognized that principles of procedural default apply in the immigration law context, *see Foroglou,* 241 F.3d at 115; *Mattis v. Reno,* 212 F.3d 31, 41 (1st Cir.2000), *abrogated on other grounds,* 533 U.S. 289 (2001); *see also, e.g.., Acevedo-Carranza v. Ashcroft,* 371 F.3d 539, 541-42 (9th Cir.2004) (requiring exhaustion of judicial remedies in circumstances similar to those presented here), and we see no reason to doubt the correctness of the district court's decision to apply those principles to reject Rivera's petition.

*Affirmed.* [FN8]

FN8. While this case was pending before us, Rivera moved to amend his habeas petition so as to assert an equal protection challenge to the IJ's interpretation of 8 U.S.C. § 1432(a)(3). Because our procedural default analysis applies with equal force to this claim (which could have been pressed in a petition for review of the BIA's judgment), we deny the motion on grounds of futility.

APPENDIX
§ 1252. Judicial review of orders of removal

(a) Applicable provisions

(1) General orders of removal
    Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section and except that the court may not order the taking of additional evidence under section 2347(c) of Title 28.

(2) Matters not subject to judicial review
    ...

(C) Orders against criminal aliens
    Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title, or any offense covered by section 1227(a)(2)(A)(ii) of this title for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 1227(a)(2)(A)(i) of this title.

    ...

(b) Requirements for review of orders of removal
    With respect to review of an order of removal

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

under subsection (a)(1) of this section, the following requirements apply:

(1) Deadline

The petition for review must be filed not later than 30 days after the date of the final order of removal.

(2) Venue and forms

The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings....

...

(4) Scope and standard for review

Except as provided in paragraph (5)(B)--

(A) the court of appeals shall decide the petition only on the administrative record on which the order of removal is based,

(B) the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary,

(C) a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law, and

(D) the Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion.

(5) Treatment of nationality claims

(A) Court determination if no issue of fact

\*4 If the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim.

(B) Transfer if issue of fact

If the petitioner claims to be a national of the United States and the court of appeals finds that a genuine issue of material fact about the petitioner's nationality is presented, the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim as if an action had been brought in the district court under section 2201 of Title 28.

(C) Limitation on determination

The petitioner may have such nationality claim decided only as provided in this paragraph.

2004 WL 2474417 (1st Cir.(Mass.))

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

*END*END*END*END*END*END*END*END*END*END*END*END*END*END*END*END*END*END*END*END*

# 914326 - GOODWIN,KAREN

| | | |
|---|---|---|
| Date and Time Printing Started: | 11/05/2004 | 11:17:04 am (Central) |
| Date and Time Printing Ended: | 11/05/2004 | 11:17:04 am (Central) |
| Offline Transmission Time: | | 00:00:00 |
| Number of Requests in Group: | 1 | |
| Number of Lines Charged: | 275 | |