AJG

The Court adopts the same statement of fact in its oral decision rendered in January of 2003. However, subsequent to the reopening of this matter, additional facts were presented which will be discussed.

The Department of Homeland Security submitted a report from a counselor investigator. An assistant counselor investigator attached the American Embassy in Yaounde, Cameroon. The counsel investigator, Mr. Tiku, testified by telephone today. Mr. Tiku testified that his job duties are to investigate visa fraud, as well as other cases referred to him by the Department of Homeland Security and that he has done so for the previous eight months. Before that, he was hired as a clerk in the counselor section at the Embassy in 2001. He indicated that he must conduct many of his investigations by telephone due to resource constraints and the distance between Yaounde and Douala, where the respondent lived.

Mr. Tiku testified that he did speak with a Madam Kogla. He affirmed that the respondent was a bailiff in Cameroon and stated that he had passed the exam and was waiting for the government to confirm and authorize his activities.

The respondent also testified that he spoke with the Cameroon Bar Association representative for Littorla, a Charles Tchoungang. He testified that Mr. Tchoungang was the representative for the Cameroon Bar Association and was a lead attorney for the families of the Bepanda Nine. According to Mr.

AJG

Tiku, Mr. Tchoungang told him that Mr. Sitcha played no role in the investigations. He also testified that he spoke to Kouatou Betheel, the mother of one of the missing boys. And she told Mr. Tchoungang that she did not know the respondent. He also testified that he, Mr. Tchoungang, in his role as an investigator and an attorney representing the Bepanda Nine families, did not know the respondent.

There was also an e:mail from Mr. Tiku regarding a conversation with a Father Jean Pierre Mukengesahy. He stated that this Jean Pierre Mukengesahy was a priest with the Douala Archdiocese. He indicated that he was trying to get information on the respondent regarding the Bepanda Nine. He stated, according to Mr. Tiku, that Father Jean Pierre did conduct investigations regarding the Bepanda Nine, but he did so alone. He also indicated that he did not receive any report from the respondent. He also indicated that he does not know the respondent.

The respondent submitted an additional letter from an Ngaloho Andre. See Exhibit 9, Tab B. This individual writes that he's a commandant in the Cameroon army for the last 15 years, and he has known the respondent since childhood. He writes that the respondent truly intervened in the search of truth in the affair of the Bepanda Nine. He indicated that he had to flee for his life from Cameroon. He also writes that Ms. Kogla and Ms. Kouatou, who said that they were questioned

A 95 461 653                    3                    September 18, 2003

AJG

regarding Mr. Sitcha.  He writes that Ms. Kogla wrote a letter of support for the respondent and that the government closed her office and that Ms. Kouatou told her that not knowing the reasons for the questions, she said simply she did not know Mr. Sitcha.

### Statement of the Law

The Court will adopt the same statement of the law as its oral decision dated January 1993.

### Credibility

In the Court's decision of January 1993, the Court expressed significant concerns about the respondent's credibility.  The Court noted some of the credibility concerns expressed by the Asylum Officer, which included some discrepancies about when his wife was detained allegedly, detained in May 2001 and some omissions regarding his hospitalization and why he allegedly took such risks.  The Court had also expressed credibility concerns as to why the respondent was not mentioned in any of the articles about the Bepanda Nine and why he would go to such risks to appear at a demonstration and have families of the Bepanda Nine appear at his house.  The Court had also plausibility concerns about how the respondent could obtain a U.S. visa despite being severely tortured.  The Court find at that time, looking at all the evidence, that the evidence was consistent and corroborated, and that the respondent had adequately explained discrepancies.  The Court concluded that while the Court had credibility concerns, they were not

A 95 461 693                    4                    September 18, 2003

AJG

sufficient to make a finding that the respondent was not credible.

After listening to the new evidence and testimony, the Court now finds that the respondent is not a credible witness. The Court had previously expressed doubts about the respondent's credibility and now based on the additional information, the Court cannot find that the respondent is a credible witness. The Court makes this finding based upon the following.

The Court would note that the issue about the respondent's exact status as a bailiff does not undercut the respondent's credibility. The main problems concerning the respondent's credibility are the counselor investigator's discussion with Charles Tchoungang and with Father Jean Pierre. The crux of this case is the respondent's alleged assistance to family members of the Bepanda Nine as a lead investigator. The investigator apparently spoke with Mr. Tchoungang who said that he did not know the respondent and even questioned the family member whom the respondent allegedly assisted. This additional letter provided by the respondent, <u>see</u> Exhibit 9, Tab B, notes that the write of this letter met Ms. Kouatou who asserted that she was questioned. However, she was apparently questioned not by the counselor investigator, but by her own attorney. The Court frankly discredits the credibility of this letter as it would be strange why she would tell whoever was calling her that she did not know Mr. Sitcha if it was her own attorney. The

A 95 461 653                      5                      September 18, 2003

AJG

Court simply does not find this letter to be credible. The Court finds that this is a significant and serious discrepancy if the lead attorney investigating this case does not know the respondent and apparently contacted his client, whom the respondent allegedly worked for in investigating this matter.

The other issue is his conversation with Father Jean Pierre. This is also a very important part of this case. What allegedly got the respondent in trouble was the report he had given to this priest or chancellor, which was allegedly published in the paper. He also alleges that this report was seized by the authorities which was the basis of his arrest and detention. Again, the investigator contacted Father Jean Pierre and who apparently did not know who the respondent was. He also indicated that he did not receive any reports. More importantly, there is a letter in Exhibit 4, Tab F, allegedly from Father Mukengesahy stating that he knew the respondent, he knew his situation. He also writes in the letter that due to his effort, they were able to publish an article about the execution of the Bepanda Nine. Based on that evidence and testimony, it appears that the two vital aspects of the respondent's credibility have been undercut. The Court does not find that the respondent is a credible witness.

### Analysis and Findings

Based on the Court's adverse credibility finding, the Court does not find that the respondent has established past

A 95 461 653                    6                    September 18, 2003

AJG

persecution.

The Court does not find that based on its adverse credibility finding, that the respondent has a well-founded fear of future persecution if he had to go back to Cameroon. Accordingly, the Court must deny his application for asylum.

Since the respondent's failed to meet the well-founded standard, it follows that he fails to meet the clear probability standard for withholding of removal. Accordingly, his application for withholding of removal under Section 241(b)(3) of the Act is denied.

The next determination is whether the respondent's established that it's more likely than not that he'd be tortured if returned to Cameroon. The Court finds that the respondent's failed to meet that burden of proof. The Court does not find that based on it's adverse credibility finding that the government of Cameroon would be inclined to torture the respondent.

It appears that the respondent does not have a valid passport. Accordingly, it appears that he appears to be ineligible for post-merits voluntary departure.

ORDERS

IT IS HEREBY ORDERED that the respondent's application for asylum under Section 208 of the Act is denied.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal under Section 241(b)(3) of the Act is

AJG

denied.

IT IS FURTHER ORDERED that the respondent's application for withholding of removal under the Torture Convention is denied.

IT IS FURTHER ORDERED that the respondent be removed to Cameroon.

MICHAEL W. STRAUS
Immigration Judge

653

U. S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
450 MAIN ST., ROOM 509
HARTFORD, CT  04103-3015

In the Matter of:                           Case No.: A95-461-653
SITCHA, RICHARD

                                            Docket: HARTFORD, CONNECTICUT

RESPONDENT                                  IN REMOVAL PROCEEDINGS

CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent
pursuant to 8 C.F.R. Part 236 and having considered the representations of the
Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED
that:

The request for a change in the custody status of the respondent be granted and
that the respondent be released from custody upon posting a bond of         $40,000
(not less than $1,500) and the conditions of the bond remain unchanged.

                                    MICHAEL W. STRAUS
                                    Immigration Judge
Appeal: RESERVED (A/I/B)            Date:  Oct 1, 2003    by respondent
Appeal Due by:

Oct. 31, 2003

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)  PERSONAL SERVICE (P)
TO:  [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] Alien's ATT/REP  [ ] INS
DATE: _____  BY: COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*


Collins, Anthony D., Esquire
664 Farmington Avenue,
Hartford, CT 06105-0000

U.S. INS/HAR
450 Main St, Room 483
Hartford, CT 06103-3060


Name: SITCHA, RICHARD                            A95-461-653


Date of this notice: 02/25/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*F. F. Kri*


Frank Krider
Acting Chief Clerk


Enclosure


Panel Members:
    HESS, FRED

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041
============================================================================

File:  A95-461-653 - HARTFORD                                    Date:

In re:  SITCHA, RICHARD                                          FEB 2 5 2004

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Collins, Anthony D., Esquire

ON BEHALF OF DHS:  Mapplebeck, Leigh, Assistant District Counsel

ORDER:

PER CURIAM.  The respondent has appealed from the Immigration Judge's decision dated September 18, 2003.  The Immigration Judge correctly granted the Department of Homeland Security's (the "DHS," formerly the Immigration and Naturalization Service) motion to reopen and correctly found that the respondent, a native and citizen of Cameroon, was not credible, and, as such, he properly denied the respondent's application for asylum and withholding of removal and his request for protection under the Convention Against Torture (I.J. at 6-8). See sections 208 and 241(b)(3) of the Immigration and Nationality Act; 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 1208.16-18.

We disagree with the respondent's assertion on appeal that the Immigration Judge erred in granting the DHS's motion to reopen because it was not supported by affidavits or other evidentiary material and did not establish that the evidence sought to be offered was material or was not available and could not have been discovered or presented at the respondent's initial individual hearing.  To the contrary, the DHS's motion to reopen was supported by evidentiary material, including a partially completed investigation report conducted by consular officer Dana Francis, along with objective evidence indicating that many of the Cameroon asylum applications are fraudulent. (Exh. 7). 8 C.F.R. § 1003.23(b)(3).  We note that the partial investigation report was not completed until after the respondent's initial individual hearing, and the full investigation was not expected to be completed until several months after the motion to reopen was filed (Exh. 7). Accordingly, the evidence sought to be offered was not available and could not have been discovered or presented at the respondent's initial individual hearing. 8 C.F.R. § 1003.23(b)(3).

We further disagree with the respondent's assertion that the Immigration Judge denied his due process rights when he granted DHS's motion to reopen without conducting a hearing on the motion and without informing the respondent of the basis for the decision so that the respondent could challenge it.  Specifically, we find that the Immigration Judge was not statutorily required to hold a hearing on the DHS's motion to reopen, and any challenge with regard to the new facts submitted by the DHS in their motion to reopen could have been raised by the respondent at his subsequent individual hearing. See generally 8 C.F.R. § 1003.23(b)(3).

In addition, we disagree with the respondent's assertion on appeal that the Immigration Judge used unreliable hearsay in making his adverse credibility finding against the respondent after reopening asylum proceedings.  First, Obianuju Ezeagwunu v. Aschroft, 301 F.3d 116 (3d Cir. 2002), aff'd 325 F.3d 396 (3d Cir. 2003), does not apply to the instant case because Obianuju Ezeagwunu v. Aschroft was raised in the Third Circuit and the respondent's case is raised in the Second Circuit.  Further, it is well established that the strict rules of evidence are not applicable in immigration proceedings. See generally Matter of Wadud, 19 I&N Dec. 182, 188 (BIA 1984). Under the circumstances in this case, we conclude that it was appropriate for the Immigration Judge to consider the consular investigator's testimony in determining whether the respondent was credible.

95-461-653

Finally, the Immigration Judge correctly found that the respondent was not credible based on the inconsistencies between the respondent's affidavit, his supporting documents, and the consular investigator's testimony. The inconsistencies between the respondent's statements in his affidavit, his supporting documents, and the consular investigator's testimony regard events central to the respondent's asylum claim and are specific and cogent enough for us to conclude that he is not credible. Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998). Specifically, the consular investigator testified that the lawyer of Mrs. Kouatou, a family member of a "Bepanda 9" victim whom the respondent alleged he assisted in an investigation of the "Bepanda 9" affair and from whom the respondent alleged to have received a supporting letter, relayed to the investigator that Mrs. Kouatou did not know anybody by the name of "Richard Sitcha" (Aff.; Exh. 4 at Tab Q; Tr. at 128-29). Further, the consular investigator testified that Father Jean Pierre Mukengeshay, a priest whom the respondent alleged he assisted in an investigation of the "Bepanda 9" affair and from whom the respondent alleged to have received a supporting letter, relayed to the investigator that he did not know the respondent nor did he ever receive any assistance from the respondent in his investigation of the "Bepanda 9" affair (Aff.; Exh. 4 at Tab S; Tr. at 129-31). Based on the foregoing inconsistencies, we agree with the Immigration Judge's adverse credibility determination. Accordingly, the appeal is dismissed.

FOR THE BOARD

DISTRICT OF CONNECTICUT

I THE MATTER OF : SITCHA RICHARD   CASE N° A95-461-653

## MOTION FOR BOND REDUCTION

I, SITCHA RICHARD, RESPECTFULLY MOVES THE COURT FOR REDUCE BOND. I A IMMIGRANT INITHIWNS LAWFUL ENTERING SEEKER FOR POLITICAL ASYLUM WHICH HAS BEEN GRANTED ON JANUARY 16th 2003. I APPLIED FOR MY FAMILY TO JOIN ME. I WAS WORKING PEACEFULLY. I NEVER COMMITTED OR BE INVOLVED IN ANY FELONY OR CRIME. FEW MONTHS LATER I RECEIVED FROM MY LAWYER A LETTER O REAPPEAR IN THE COURT, BECAUSE THAT WAS PROSECUTOR ASKED TO REOPEN MY ASYLUM CASE. AS USUAL I WENT TO THE COURT AND ON SEPTEMBER 18th 2003 HE JUDGE DECIDED TO REMOVE THE ASYLUM HE GRANTED ME BEFORE AND I WAS ARRESTED AT THE COURTROOM AND SENT TO JAIL. MY LAWYER ASKED FOR APPEAL DUE BY OCTOBER 20th 03. THEN ON OCTOBER 1st 2003 I WENT AGAIN O THE COURT AND THE JUDGE GAVE ME $40.000 BOND. MY LAWYER ASKED AGAIN FOR APPEAL DUE OCTOBER 31st 2003. I NEVER GET COPY OF SEPTEMBER 8th 2003. NEITHER COPIES OF ALL APPEALS MY LAWYER WAS SUPPOSED TO DO N MY BEHALF. BUT HE SENT ME COPY OF THE OCTOBER 1st 2003 DECISION ABOUT THE BOND WHICH SUMMARY SAYS THIS "REQUEST HAS BEEN MADE TO CHANGE INTO CUSTODY THE STATUS OF THE RESPONDENT PURSUANT 8CFR PART 236 — AND THAT REQUEST HAS BEEN GRANTED UPON POST A BOND OF $40.000 N LESS THAN $1500 TO BE RELEASED".

I PLEASE THE COURT FOR BOND REDUCE FOR THESE REASONS: HE 8CFR PART 236 SAYS THIS : "APPREHENSION, DETENTION OF INADMISSIBLE AND DEPORTABLE ALIENS; REMOVAL ALIENS ORDERED REMOVEDS) I HAVE BEEN ARRESTED IN THE COURTROOM, I NEVER BEEN JUDGED INADMISSIBLE NOR ORDERED DEPORTABLE. I NEVER BEEN INVOLVED IN A FELONY OR A CRIME. EVERY TIME I WAS N COURT ITS WAS IN THE INS COURTROOM AND I NEVER BEEN HEARD IN ANY OTHER MATTER THAN ASYLUM. I'M NOT CONSEQUENTLY CONCERNED BY THE 8CFR PART 236. MY LAWYER AND MY CHURCH REPRESENTATIVE LORE NA DUTELLE WAS PRESENT IN THE COURT ON OCTOBER 1st 2003. THIS

would be an unfortunate [...] of cases [...] don't. I'm

have motivated the judge to send me in jail with [...] you [...]

[...] I be a danger for national security or for communities. Ins-

tead I help communities in differents ways.

I'm member of Sainte Anne Immaculate Conception Church within which

I'm bidder leader and singer I help old people of my church.

By my financial contribution I help the Archdiocese of Hartford

through the Archbishop Annual Appeal, I help priest through the

fund of retired priests, I help the FACES Service Inc. in Florida to

nourish poor children. Since last year I help Wesleyan student

of Middletown University who have focused their research about

Africa to achieve their work of research for their graduation.

President Bush is pleading to release unlawful immigrant

without crime record, I'm lawful, without crime record, but

I'm detained.

For these reasons above I ask the court with all due respect to grant me relief under promise to appear or to release my bond at the minimum of $1,000.

I declare under penalty of perjury that the foregoing is true and correct

Please the court to be informed within 7 days before hearing for proves and witnesses needed.

Thank you

Respectfully Submitted

Sitcha Richard

CERTIFICATION OF SERVICE

I SITCHA RICHARD CERTIFIES THAT COPY OF FOREGOING
WAS MAILED BY U.S POSTAGE TO.
— INS ATTORNEY JAMES ROBINSON AT 450 MAIN ST
HARTFORD CT 06103 ON JANUARY 12th 2004

— HABEAS CORPUS PETITIONS FEDERAL PUBLIC DEFENDER
450 MAIN ST HARTFORD CT 06103 ON JANUARY 12th 2004

— ATTORNEY ANTHONY D. COLLINS AT 664 FARMINGTON
AVENUE HARTFORD CT 06105 ON JANUARY 12th 2004

SITCHA RICHARD

02-10-2004

DISTRICT OF CO

IN THE MATTER         CASE N° A95-461-653.
OF SITCHA RICHARD

DEAR CLERK OF BOARD OF IMMIGRATION APPEALS.
I RESPECTFULLY ASK YOU TO CANCEL ALL THE ACTS MY LAWYER ANTHONY D.
COLLINS SENT TO YOUR OFFICE ABOUT MY CASE. I'M VERY DESAPPOINTED BY HIS
REPRESENTATION. I'M A SIMPLE SEEKER OF POLITICAL ASYLUM WHICH IS A CIVIL
MATTER. I'M A PEACEFUL PERSON WHO HAS NEVER BEEN INVOLVED IN A CRIME
OR A FELONY AND I HAVE NEVER BEEN HEARD ON ANY OTHER MATTER THAN
POLITICAL ASYLUM NOR THAN ANY OTHER COURT THAN INS COURT. I NOTICED
THAT AN UNFORTUNATE ERROR OF THE IMMIGRATION JUDGE IN MY CASE HAS
SENT ME IN JAIL. I SENT A MOTION TO THE INS CLERK OFFICE AND COPY TO MY
LAWYER. DESPITE THE FACT HE AGREED WITH ME ABOUT THE ERROR HE DIDN'T
SEE I DON'T KNOW WHY, HE NEVER ASKES THE COURT TO SCHEDULE A DATE FOR A
HEARING ABOUT MY MOTION. ON FEBRUARY 09-04. HE SENT ME A COPY OF AN APPEAL
BRIEF AND COPY OF A REQUEST FOR EXTENSION OF TIME FILE BRIEF, HE HE SENT
TO YOUR OFFICE AND TO HOMELAND SECURITY TRIAL ATTORNEY UNIT 450 MAIN ST
HARTFORD CT R00483 ON JANUARY 5th -04. I CANT UNDERSTAND WHY FOR A
CIVIL MATTER AS SEEKING FOR POLITICAL ASYLUM A COPY OF ALL THESE DOCU-
MENTS SHOULD BE SENT TO THE TRIAL UNIT OF HOMELAND SECURITY INS-
TEAD TO BE SENT TO INS ROOM 503 WHICH IS IN CHARGE OF CIVIL MATTER
LIKE MINE. I NEVER BEEN IN ROOM 483. SINCE OCTOBER 1st DECISION I HAVE
CONTESTED. I NEVER BEEN AGAIN TO THE COURT AND I HAVEN'T RECEIVED CO-
PY OF ANY DECISION SINCE IS THAT DAY. I HAVE LOST CONFIDENCE IN MY
LAWYER AND I DON'T WANT HIM TO REPRESENT ME ANYMORE. I WILL NOT AC
KNOWLEDGE ALL ACTS MY LAWYER DID ON MY BEHALF AFTER OCTOBER 31st
2003 AND BETWEEN JANUARY 16th 2003 AND OCTOBER 31st 2003 ONLY IF M
HE HAS SENT ME A COPY.

THANK YOU
RESPECTFULLY SUBMITTED
SICHA RICHARD