UNITED STATES DISTRICT
DISTRICT OF MASSACHUSETTS / SPRINGFIELD

SCANNED

SITCHA RICHARD (PLAINTIFF)

I.N.S (DEFENDANT)
(HOMELAND SECURITY)

CIVIL ACTION N° 04CV30090
JURY TRIAL REQUESTED.

FILED
U.S. CLERK'S OFFICE
2005 MAR -1 A [illegible]
U.S. DISTRICT COURT
DISTRICT OF MASS

Now comes before this honorable court the plaintiff Sitcha Richard acting for now in pro se and seeking justice and compensatory.

The defendant has violated the plaintiff civil rights under the First (1st) Sixth (6th) and Fourteenth (14th) Amendments to the Constitution of the United States of America.

The plaintiff asks this honorable court to hear this pleading as soon as convenient for the court to protect further irreparable damage being done to the plaintiff.

The annexed affidavit is in support of this action.

Respectfully submitted
Sitcha Richard
*[signature]*

P.S. Plaintiff would like to tell this honorable court that further evidences will be completed and witnesses presented at the court date if necessary.

DOCKETED

(33)

# Affidavit in Support of Civil Action

I, Sitcha Richard, the Plaintiff am currently incarcerated at Franklin County House of Correction located at 160 Elm Street, Greenfield, Mass. 01301, and I depose and swear the following affidavit is true and correct to the best of my knowledge.

## I. Procedural History.

1. The Plaintiff is a citizen from Cameroon with a lawful entrance in the United States in order to seek for political asylum.

2. The Plaintiff normally and regulary applied for asylum and was sent by INS before the asylum officer in New Jersey for interview. This interview wasn't successful and the asylum officer sent me to the Immigration Judge in Hartford.

3. At this point, the Plaintiff hired Anthony Collins for his defense before the Immigration Judge and the Plaintiff paid $3000 for his legal fees.

4. The Plaintiff didn't miss any court dates until January 16th 2003 the day the Honorable Immigration Judge Michael Strauss granted Plaintiff political asylum. (Exit A)

5. The Plaintiff was granted working permit, social security and later on while in prison, asylee travel document (Exits B1, B2)

6. The Plaintiff was working peacefully and have applied for his family to join him while more than 3 months later he received from his lawyer a letter saying that his case was reopened.

7. FOR THAT ATTORNEY COLLINS ASKED AND RECEIVED $ 6.00 EXTRA FEES.

8. THE PLAINTIFF REAPPEAR IN COURT ON APRIL 13 2003 AND 3 MORE TIMES BEFORE SEPTEMBER 18th 2003, THE DATE THE SAME IMMIGRATION JUDGE REVOKED HIS ASYLUM AND WITHOUT BREAK ANY LAW THE PLAINTIFF WAS IMMEDIATELY ARRESTED IN THE COURTROOM AND SENT IN PRISON DESPITE THE APPEAL PENDING. ATTORNEY COLLINS WHO WAS INTERROGED ABOUT A SUCH HARD DECISION AGAINST A NON CRIMINAL AND FOR A PURE CIVIL MATTER LET THE PLAINTIFF AND HIS CHURCH MEMBERS BELIEVE THAT WAS BECAUSE OF IMMIGRATION PILOT PROGRAMM IN CONNECTICUT. HE ENSURED US THAT WILL NOT LAST MORE THAN ONE MONTH. (EXIT C)

9. THE APPEAL OF THIS DECISION WAS DUE OCTOBER 20th 2003. ON OCTOBER 1st 2003, THE PLAINTIFF WAS BROUGHT TO THE COURT FROM PRISON FOR A BOND HEARING AND IN A DECISION ENTERED THE SAME DAY THE JUDGE GAVE ME $ 40.000⁰⁰ BOND. ATTORNEY COLLINS ASKED FOR A NEW APPEAL DUE OCTOBER 31st 2003 (EXIT D)

10. ON OCTOBER 14th 2003 ATTORNEY COLLINS SENT PLAINTIFF A LETTER ASKING $ 5500 FOR MY APPEAL. IN THE SAME LETTER WAS ENCLOSED THE OCTOBER 1st 03 DECISION BUT NOTHING ABOUT THE SEPTEMBER 18th DECISION WHICH REVOKED MY ASYLUM AND SENT ME IN PRISON. ANTHONY COLLINS LETTER: (EXIT E)

11. I WROTE AND CALL HIS OFFICE TO GET THE SEPTEMBER 18th 2003 BUT DIDN'T GET NOTHING. WHAT WAS AMAZING INSIDE ATTORNEY COLLINS LETTER WAS THAT THE DECISION HE SENT TO ME HAD FOR APPEAL DUE DATE OCTOBER 31st 2003 (EXIT D SUPRA) BUT THE LETTER STIPULES AND WARNS ME THAT THE LIMIT DATE OF MY APPEAL WAS OCTOBER 20th 2003 AND THE BIA DOES NOT ACCEPT LATE APPEAL EVEN DUE BY THE

POST OFFICE FAULT (EXIT E SUPRA).

12. AT THAT TIME ATTORNEY COLLINS ASKED AND RECEIVED $1500 DEPOSIT FOR SEND MY APPEAL BRIEF. AGAIN I WROTE AND CALL TO GET COPY OF THE APPEAL BRIEF HE DID ON MY BEHALF BUT NEVER GOT IT.

13. AFTER 4 MONTHS WITHOUT RECEIVE ANY VISIT FROM MY LAWYER, NO ANSWER FOR LETTERS AND LEGAL CALLS, I STARTED DOING RESEARCH BY MYSELF THEN I DISCORVERED THAT THE OCT 1st 2003 DECISION (SEE EXIT E SUPRA) HAS NOTHING TO DO WITH THE PLAINTIFF'S ASYLUM CASE.

14. I NEVER BEEN CHARGED IN UNITED STATES BUT THE DECISION WAS STIPULED THAT I WAS ON CUSTODY UPON 8 CFR PART 236 WITHOUT SPECIFY ANY SECTION WITHIN WHICH I FELL.

15. THINKING THAT WAS AN ERROR, I WROTE A MOTION TO THE COURT ON JANUARY 12th 2004 AND SENT COPY TO ATTORNEY COLLINS (EXIT F) AFTER RECEIVED COPY OF MY MOTION ATTORNEY COLLINS CAME IN PRISON TO VISIT ME AND AGREED WITH ME ABOUT THE "ERROR" AND ENSURED ME THAT HE WILL TAKE CARE OF IT.

16. ON FEBRUARY 02 2004 I WAS BEATEN BY MY CRIMINAL AND VIOLENT CELLMATE, STRESSED, DEPRESSED, I WAS VERY DISCOURAGED AND FOR THE FIRST TIME I THINK ABOUT COMMIT SUICIDE FOR NOT TO BE A CRIMINAL BUT BEING THREATED SO POORLY. I WAS PUT ON SUICIDE WATCH FOR 3 DAYS AFTER MET WITH THE PSYCHIATRIC DOCTOR (EXIT G)

17. AFTER COMING BACK FROM THE PSYCHIATRIC HOSPITAL TO THE GENERAL POPULATION I WAS NOW SHARED A CELL WITH A CRIMINAL WITH 25 YEARS SENTENCED BECAUSE HE SHOT AND KILLED SOMEBODY. IN ALL MY 6½ MONTHS SPENT IN OSBORN FACILITY I WAS LEAVING EVERY DAY IN FEAR.

18. On Feb 5th or 6th I received from Attorney Collins copies of an appeal brief, request of extension time, transcript and others paperworks signed by INS prosecutor titled "Richard Sitcha Affair". My name was now change from Sitcha Richard v INS. To Richard Sitcha v. Homeland Security. Inside all these copies I still don't find any Sept. 18th 03 decision, the day my asylum was revoked and I was sent in prison.

19. Amazed, I wrote to Attorney Collins about such a behavior. Inside the appeal brief Attorney Collins was saying that the Homeland Security was charging me not anymore under 8 CFR Part 236 but under section 237. (Exit H.)

20. I was also surprised that 5 months later my appeal wasn't done yet despite Attorney Collins letter (see supra Exit B) warning me about late appeal. I did not also know upon which decision he based his appeal brief since I never seen the September 18th 03 decision and the October 1st 03 decision does not concern me at all.

21. Facing this situation I then asked to Ms. Lorena D. Dutelle who followed my proceeding from Day 1 (one) in New Jersey before the Asylum officer as interpreter to all my court dates in Hartford to call Attorney Collins office for an appointment in Osborn Prison so that we can as usual speak about all these misunderstanding. Attorney Collins secretary let her know that he won't be available for 2 weeks and cannot meet with me.

22. I understood that he cannot any longer defend my interests. I wrote to the BIA's clerk to inform him that I fired my lawyer and not to take into consideration the appeal brief he did and sent on my behalf. (Exit I) I sent

ALSO COPY TO ATTORNEY COLLINS AND TO INS COURT BUT THIS LAST COPY WAS RETURNED BACK TO ME.

23. ATTORNEY COLLINS WAS NO LONGER MY LAWYER AND DESPITE MY LETTER TO THE BIA (SEE EXIBIT I SUPRA) HE SENT TO ME AGAIN A BIA DECISION (EXIBIT J) WITHIN WHICH IT'S SAID MY APPEAL WAS DISMISSED.

24. I DOUBTED ABOUT THE DECISION FOR I THOUGHT THAT AN HONORABLE COURT LIKE THE BIA WITH RESPECTABLE JUDGES CANNOT ISSUED SUCH A QUICK DECISION WHILE DEFENDANT SITCHA RICHARD HAS WRITTEN TO WARN THEM ABOUT HIS CASE. ALSO ANY KIND OF DECISION WAS SUPPOSED TO BE SENT DIRECTLY TO ME SINCE ATTORNEY COLLINS WAS FIRED AND WAS NOT SUPPOSED TO HANDLE MY CASE ANYMORE.

25. TO BE SURE THAT THE DECISION WAS REALLY FROM THE BIA, I WROTE AGAIN AND ASKED ALSO TO LORENA DUTELLE TO DO THE SAME ON MY BEHALF (EXIBITS K, K₂) BUT BOTH LETTERS WAS RETURNED BACK TO ME IN PRISON WITHOUT ANY COMMENT.

26. DEPRESSED, STRESSED AND DISCOURAGED I UNDERSTOOD THAT THERE MAY BE SOMEHOW MY LAWYER'S CONSPIRACY AGAINST ME. I THEN WROTE AT LEAST 3 LETTERS TO INS ASKING TO GIVE ME A REASONABLE AMOUNT OF TIME TO LEAVE THE COUNTRY AS REQUIRED BY THE LAW IN THIS MATTER; BUT MY LETTERS NEVER GOT ANY ANSWERS.

27. ATTORNEY COLLINS CONSPIRACY AGAINST HIS CLIENT IS CLEARLY SHOWS BY THE LETTER HE REQUESTED AND GOT FROM OUR BISHOP MOST REV. PETER ROSAZZAS WHICH LETTER HE GAVE TO INS AUTHORITIES TO PROSECUTE ME WHILE THE CONSPIRACY WAS KNOWN.

28. ON MARCH 29th 2004 AFTER BEING SO DISCOURAGED AND DID NOT MAKE ANY APPEAL TO THE BIA'S DECISION I WAS TRANSFERED FROM OSBORN FACILITY TO FRANKLIN COUNTY JAIL IN GREENFIELD WHERE I AM

UNTIL THIS DAYS.

29. THE FIRST DAY IN GREENFIELD JAIL I WAS SURPRISED TO SEE IN MY FILE THAT I WAS TO BE DEPORTED NOT AFTER MY ASYLUM WAS REVOKED BUT BECAUSE I WAS AN INADMISSIBLE ALIEN WHO WAS ARRESTED ON MAY 20th 2002. I SAID TO "COLLINS" THE JAIL GUARD WHO WAS ON THE DESK THE DAY WE CAME THAT I HAVE NEVER BEEN ARRESTED IN THE U.S.A. HE REPLIED THAT WAS WHAT INS SENT TO THEM AND HE CAN'T DO ANYTHING TO HELP ME. ONE MORE TIME I THOUGHT ABOUT KILLING MYSELF, LT HAWKINS MAKED A REPPORD AND SENT ME TO THE SPECIAL UNIT FOR ALMOST 2 WEEKS.

30. AFTER FEW MONTHS IN GREENFIELD JAIL WHERE THE CONDITIONS ARE LITTLE BIT SOFTER THAN OSBORN FACILITY MY YOUTH FRIEND ANDREW COHEN WHO WAS A SENIOR STUDENT IN WESLEYAN UNIVERSITY HEART ABOUT MY INCARCERATION. HE MAKES CALL INS TO ASK ABOUT THE REASONS AND INS SAID THEY NEVER GRANTED PLAINTIFF ASYLUM. INS CHANGED HIS MIND WHEN THE DECISION IN WHICH MY ASYLUM WAS GRANTED WAS SHOWN TO THEM.

31. KNOWING THAT PLAINTIFF HAS BEEN GRANTED ASYLUM, SINCE WE CELEBRATED TOGETHER THE EVENT ANDREW HELP ME TO SENT AN HABEAS CORPUS TO THE DISTRICT COURT ON MY BEHALF WHICH STILL BE PENDING.

32. AT THE END OF MARCH 2004 I DISCOVERED AND KNOW FOR THE FIRST TIME ABOUT 3 OTHER DECISIONS.
- ONE ORAL DECISION OF JANUARY 16th 2003 (EXIBIT L)
- ONE ORAL DECISION OF SEPTEMBER 18th 2003 (EXIBIT L1)
- ONE OTHER DECISION OF SEPTEMBER 18th 2003 (EXHIBIT L2)

33. IF THE SEPTEMBER 18th 2003 DECISIONS WAS EXISTED, HOW COME THAT MY LAWYER ANTHONY COLLINS DIDN'T SEND TO ME AT THE TIME I WAS ASKING FOR?

## II/ VIOLATION OF PLAINTIFF CONSTITUTIONAL CIVILS RIGHTS AND ASYLEE RIGHTS.

1. THE IMMIGRATION VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIRST AND THE FOURTEENTH (14th) AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES.

2. MY ACCESS TO THE COURT BY THE IMMIGRATION JUDGE UNDER THE FIRST (1st) AMENDMENT OF US CONSTITUTION WAS DENIED WHEN ON JANUARY 12th 04 AFTER DISCOVERED THAT THE OCT 1st 2003 WAS NOT CONCERNED MY ASYLUM CASE THE PLAINTIFF SENT A MOTION TO THE COURT AND NEVER GOT ANY ANSWER.

3. THE PLAINTIFF'S DUE PROCESS UNDER THE 14th AMENDMENT OF THE U.S. CONSTITUTION WAS ALSO VIOLATED BY THE IMMIGRATION JUDGE IN 2 POINTS.

   a) FOR THE SAME MATTER PLAINTIFF HAS 2 DIFFERENT DATES OF APPEAL IN TWO SEPARATE AND DIFFERENT DECISIONS (EXHIBITS D, L2).

   b) FOR THE SAME MATTER THE PLAINTIFF HAS 5 DIFFERENT DECISIONS SEE EXHIBITS (A, D, L, L1, L2)

4. IN 3 OF THE 5 DECISIONS THE PLAINTIFF IS FALSELY CHARGED BY THE INS PROSECUTOR UNDER 8 CFR PART 236 AND UNDER SECTION 237(a)(1)(B) SEE EXHIBITS D, L, L1 SUPRA SUPRA). THE PLAINTIFF HAS NEVER BEEN CHARGED.

5. THE PLAINTIFF'S ASYLUM RIGHTS WAS ALSO VIOLATED BY THE INS IN 4 POINTS.

   a) THE PLAINTIFF WAS ARRESTED IN THE COURTROOM AT THE MIDST OF HIS ASYLUM PROCEEDING WHILE AN APPEAL WAS PENDING.

   b) THE INS PROSECUTOR CONTINUE TO DETAIN FOR MORE THAN 2 YEARS ALREADY PLAINTIFF ORIGINAL PERSONNAL DOCUMENTS WHILE THE LAW ASKS TO RETAIN COPIES AND GIVE BACK ORIGINALS.

   c) SEEKING FOR POLITICAL ASYLUM IS A CIVIL MATTER AND DOES NOT HAS ANYTHING TO DO WITH CRIMES. ASYLUM SEEKERS WHILE IN CUSTODY SHOULD NOT BE MIXED WITH CRIMINALS. PLAINTIFF WAS IN OSBORN FACILITY MIXED

WITH CRIMINALS AND LOCKED UP 22 HOURS A DAY WHERE HE WAS VIOLENTED BY HIS CRIMINAL CELLMATE.

2) FOR A CIVIL MATTER LIKE ASYLUM, SINCE PLAINTIFF IS NOT A DANGER FOR THE COMMUNITIES NOT FOR THE NATIONAL SECURITY, ONCE THE ASYLUM CLAIM IS DENIED AND ACCORDING TO THE LAW, THE PLAINTIFF SHOULD DESERVE TO HAVE REASONABLE AMOUNT OF TIME TO LEAVE THE COUNTRY AND SEEK HIS ASYLUM SOMEWHERE ELSE. THE PLAINTIFF ASKED FOR BUT NEVER GOT IT.

## III ARGUMENTS AND ANALYSIS OF THE 5 DECISIONS OF THE IMMIGRATION JUDGE.

1. THE JANUARY 16th 2003 DECISION (EXHIBIT A) THIS DECISION GRANTED MY ASYLUM REGULARY AND NORMALLY WITHOUT ANY CHARGE AGAINST THE PLAINTIFF.

2. THE JANUARY 16th ORAL DECISION. THIS DECISION CHARGED THE PLAINTIFF UNDER SECTION 237(a)(1)(B) (EXHIBIT L supra) AND SAYS THE PLAINTIFF FAILED TO APPEAR TO A NOTICE AND ASKED FOR ASYLUM AS RELIEF. THE PLAINTIFF NEVER RECEIVED ANY NOTICE NEVER FAILED TO APPEAR TO HIS COURT DATES, AND DIDN'T ASK FOR ASYLUM AS RELIEF SINCE HE WENT TO NEW JERSEY AFTER APPLYING NORMALLY FOR ASYLUM AND MEET WITH AN ASYLUM OFFICER FOR INTERVIEW. THIS IS THE REGULAR AND NORMAL ASYLUM PROCEEDING. ASYLUM IS ASKING AS RELIEF WHEN THE PROCESS STARTS DIRECTLY BEFORE THE IMMIGRATION JUDGE. IT WASN'T SO FOR THE PLAINTIFF'S CASE.

3. THE SEPTEMBER 18th 2003 ORAL DECISION. (EXHIBIT L₁) LIKE THE FIRST ORAL DECISION, I SAW AND KNOWN ABOUT THIS AT THE END OF MARCH 2003. THIS ORAL DECISION IS DENYING PLAINTIFF'S ASYLUM SAYING THAT THE PLAINTIFF'S APPLICATIONS AGAINST TORTURE AND WITHHOLDING OF REMOVAL WAS DENIED. NEVER WE HAD SPOKEN ABOUT ALL THIS IN THE

COURT. THE COURT RECORD TAPE CAN TESTIFY. THIS DECISION CONTINUE CHARGING PLAINTIFF UNDER SECTION 237(a)(1)(B) WHICH IS FALSE. IT'S NO MENTIONED ANY WHERE INSIDE THIS DECISION THAT PLAINTIFF WAS SENT IN INS CUSTODY NOR THAT HE WAS GIVEN $40.000 BOND. BUT IT WAS THIS DAY PLAINTIFF WAS ARRESTED AT THE COURTROOM AND SENT IN PRISON.

4. THE SEPTEMBER 18th DECISION. THIS IS ANOTHER SEPT 18th DECISION DIFFERENT FOR THE 1st. CONTRARY FOR THE FIRST, THE PLAINTIFF IS NOT CHARGED FOR ANYTHING EVEN IF IT SAYS PLAINTIFF ASYLUM WAS DENIED INSTEAD TO SAY WAS REVOKED SINCE PLAINTIFF ASYLUM WAS ALREADY GRANTED. THE APPEAL DATE IN THIS DECISION IS ON OCTOBER 20th 2003 AND IT'S NOT SAYING THAT PLAINTIFF WAS SENT IN CUSTODY AND I WAS SENT ON CUSTODY ON THIS DAY. PLAINTIFF NEVER APPLY FOR CONVENTION AGAINST TORTURE NOR FOR WITHHOLDING OF REMOVAL. WE NEVER SPOKEN ABOUT ALL THIS AT THE COURT. WE CAN LISTEN FOR THE COURT RECORD TAPE TO TESTIFY OR TO FIND THE TRUTH.

5. THE DECISION OF OCTOBER 1st 2003 (SEE EXHIBIT D SUPRA) THIS IS THE DECISION PLAINTIFF RECEIVED FROM HIS LAWYER ON OCTOBER 14th SAYING THAT IT WAS THAT THE IMMIGRATION JUDGE DECISION ON MY CASE. IN FACT THIS DECISION WAS ENTERED THE DAY I WAS BROUGHT TO COURT FROM PRISON FOR A BOND HEARING.

- IT'S THE ONLY DECISION SAYING THAT I WAS SENT IN THE INS CUSTODY BUT I WAS SO NOT ON THIS DATE BUT 2 WEEKS BEFORE THIS DATE. I WAS ON INS CUSTODY ON SEPTEMBER 18th 2003.

- THIS DECISION CHARGES PLAINTIFF NOT UNDER SECTION 237(a)(1)(B) BUT UNDER 8 CFR PART 236 WITHOUT SHOWING ANY SECTION WITHIN WHICH PLAINTIFF HAS BROKEN. THE 8 CFR PART 236 IS JUST A WHOLE TITLE.

- THIS DECISION DOES NOT SAYING ANYTHING AT ALL REGARDING THE PLAINTIFF ASYLUM CASE.

- This decision has a different appeal date Oct 31st 2003, the plaintiff never seen the brief of this appeal nor the oral decision either.

- This decision gave me $40,000 bond to be release and it is not existing none of 2 differents transcripts I saw about my case.

- In fact the transcripts plaintiff has received on Feb 5th or 6th 2003 from his lawyer Collins is different for what plaintiff is seeing now.

## IV    SUMMATION

1. As shown above the plaintiff' rights was abused by the INS judge and INS prosecutor under the U.S. Constitution.

2. If the immigration judge has the discretionary power to grant, deny or revoke plaintiff's asylum, he abused the plaintiff's constitutional rights by sending him in prison while plaintiff didn't break any law and has followed the law just the law, only the law. There was not due process.

3. The immigration judge sent plaintiff in prison with criminals without any legal or constitutional basis. This is true for 5 reasons.

   a) The plaintiff didn't break any law; he is not a danger for the communities but has communities support; he is not a danger for the national security neither.

   b) The plaintiff was informed that he was held because of immigration pilot program. It's not true since none of the 5 judge's decisions did not say anything about the pilot program. Even if it was the case the program was not supposed to retroact to the plaintiff case which was pending in the court before the pilot programm was applied and after his asylum was removed an appeal

WAS STILL PENDING AND THE PROCESS WAS NOT YET AT ITS END.

1) THE PLAINTIFF IN ONE DECISION (EXHIBIT D Supra) WAS CHARGED UNDER 8 CFR PART 236 UPON POSTING $40.000 BOND TO BE RELEASE, WITH THE APPEAL DATE DUE ON OCT 31st 2003. THIS IS NOT TRUE SINCE PLAINTIFF HAS NEVER BEEN CHARGED AND THIS DECISION DOES NOT CONCERN PLAINTIFF'S ASYLUM CASE AT ALL.

2) IN 2 OTHERS DECISIONS PLAINTIFF IS NOW CHARGED NOT UNDER 8 CFR Part 236 anymore BUT UNDER SECTION 237(a)(1)(B) (EXIBIT L, L1) AND HAS ASKED FOR ASYLUM AS RELIEF. THIS WASN'T TRUE SINCE PLAINTIFF WENT TO NEW JERSEY WHERE HE GOT INTERVIEW WITH THE ASYLUM OFFICER WHO IS THE BEGINNING OF THE NORMAL ASYLUM PROCEEDINGS.

3) THE PLAINTIFF WAS ACCUSED FOR HAVING FAILED TO APPEAR TO A NOTICE. IT'S NOT TRUE SINCE PLAINTIFF NEVER GOT ANY NOTICE AND NEVER MISSED A COURT DATES. (WITNESS REQUIRED).

IT'S THE INTEREST OF JUSTICE" IT'S THEIR, THE DUTY TO KEEP AN INNOCENT PERSON FROM BEING ACCUSED AND PUNISHED FOR SOMETHING HE OR SHE DID NOT DO. US V TWEEL 550F 2D 297 299-300 HAS THIS TO SAY ABOUT SUCH SILENCE

4) PLAINTIFF IS AN INNOCENT PERSON WHO WAS SPENDING 18 Month in PRISON WITHOUT BREAK ANY LAW AND THE INS DEFENDANT IS TRYING TO CHARGE HIM IN ORDER TO JUSTIFY PLAINTIFF illegal INCARCERATION.

5) THE INS JUDGE HAS AN OPPORTUNITY TO CORRECT HIS DECISION WHEN PLAINTIFF ON JANUARY 12th 2004 DISCOVERED THE "ERROR" IN HIS CASE AND SENT TO THE COURT A MOTION TO REDUCE BOND (EXHIBIT F). THIS MOTION HAS NEVER BEEN ANSWERED.

6. THE 2nd OPPORTUNITY TO THE IMMIGRATION JUDGE TO REVIEW MY CASE CAME ON JANUARY 24th 2004 WHEN 90 MEMBERS OF MY CHURCH COMMUNITY SIGNED AND SENT TO THE COURT A MEMORANDUM AS A GUA-

RANTEE TO PRAISE THE COURT TO SET ME FREE UPON LOWER MY BOND THUS SO I COULD FOLLOW MY CASE BEING FREE. BUT THE DEFENDANT CLOSED HIS EYES EARS TO PEOPLE VOICES. (EXHIBIT M).

7. IN THE INSTANCE WHEN ANY MEMBER OF THE EXECUTIVE, JUDICIAL OR LEGISLATIVE BRANCH IN HIS FUNCTION USE HIS POWER TO ABUSE THE CONSTITUTIONAL RIGHTS OF A PERSON, AN HUMAN BEING IN THE AMERICAN SOIL IT SHOWS PREJUDICE AND COMPENSATORY DAMAGES IS MANDATED SINCE THE UNITED STATES CONSTITUTION IS APPLIED TO ANY PERSON, HUMAN BEING, IN THE AMERICAN'S SOIL.

## VI. RELIEF SOUGHT

1. THE PLAINTIFF WOULD ASK THE COURT TO BE GIVEN THE NECESSARY AMOUNT OF TIME TO LEAVE THE COUNTRY ACCORDING TO THE LAW IN ASYLUM MATTER AND GET THE ORIGINAL OF HIS PLAINTIFF ORIGINAL DOCUMENTS BACK.

2. THE PLAINTIFF SEEKS DAMAGES IN COMPENSATORY FOR ALL THE TIME HE SPENT IN PRISON. THE LOST OF HIS TIME, MONEY AND PROPERTIES, THE SUFFERINGS HE WENT THROUGH DURING ALMOST 18 MONTHS OF CONFINEMENT TELEPHONE CUT OFF FROM MY FAMILY ETC... THE AMOUNT WILL BE DETERMINED LATER ON TO THE COURT

3. THE PLAINTIFF ALSO SEEKS PUNITIVE DAMAGES IN A AMOUNT TO BE DECIDED BY A JURY

4. SUCH FURTHER RELIEF AS THIS COURT MAY DEEM FAIR AND JUST

I DECLARE UNDER PENALTY OF PERJURY THAT ALL THE MADE STATEMENTS ARE TRUE TO THE BEST OF MY BELIEF AND KNOWLEDGE.

EXECUTED ON FEBRUARY 28th 05

RESPECTFULLY SUBMITTED
SITCHA RICHARD