UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS | SPRINGFIELD

SITCHA RICHARD (PLAINTIFF)         CIVIL ACTION No 04CV30090

         V         JURY TRIAL REQUESTED

ATTORNEY ANTHONY D. COLLINS

       (DEFENDANT)

    NOW COMES BEFORE THIS HONORABLE COURT THE PLAINTIFF SITCHA RICHARD ACTING FOR NOW IN PRO SE AND SEEKING JUSTICE AND COMPENSATORY.

    THE DEFENDANT HAS VIOLATED THE PLAINTIFF'S CIVIL RIGHTS UNDER THE FIRST (1st), SIXTH (6th) AND FOURTEENTH (14th) AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

    THE PLAINTIFF ASKS THIS HONORABLE COURT TO HEAR THIS PLEADING AS SOON AS CONVENIENT FOR THE COURT TO PROTECT FURTHER IRREPARABLE DAMAGE BEING DONE TO THE PLAINTIFF.

    THE ANNEXED AFFIDAVIT IS IN SUPPORT OF THIS ACTION.

               RESPECTFULLY SUBMITTED

                SITCHA RICHARD

    P.S. PLAINTIFF WOULD LIKE TO TELL THIS HONORABLE COURT THAT FURTHER EVIDENCES WILL BE COMPLETED AND WITNESSES PRESENTED AT THE COURT DATE IF NECESSARY.

①

# AFFIDAVIT IN SUPPORT OF CIVIL ACTION

I, SITCHA RICHARD, THE PLAINTIFF AM CURRENTLY INCARCERATED AT FRANKLIN COUNTY HOUSE OF CORRECTION LOCATED AT 160 ELM STREET, GREENFIELD, MASS, 01301; AND I DEPOSE AND SWEAR THE FOLLOWING AFFIDAVIT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

## I) PROCEDURAL HISTORY

1. THE PLAINTIFF IS A CITIZEN FROM CAMEROON WITH A LAWFUL ENTRANCE IN THE UNITED STATES ANOTHER TO SEEK FOR POLITICAL ASYLUM.

2. THE PLAINTIFF NORMALLY AND REGULARY APPLIED FOR ASYLUM. HE WAS SENT TO NEW JERSEY BEFORE THE ASYLUM OFFICER WHO AFTER TWO (2) WEEKS DIDN'T GRANTED MY ASYLUM BUT SENT THE PLAINTIFF TO THE IMMIGRATION JUDGE IN HARTFORD, CONNECTICUT.

3. AT THIS POINT, THE PLAINTIFF HIRED ANTHONY COLLINS FOR HIS DEFENSE BEFORE THE IMMIGRATION COURT, AND PAID $ 3000 FOR HIS LEGAL FEES.

4. THE PLAINTIFF DIDN'T MISS ANY COURT DATES UNTIL JANUARY 10th 2003 WHEN THE HONORABLE IMMIGRATION JUDGE MICHAEL STRAUSS GRANTED PLAINTIFF'S POLITICAL ASYLUM. (EXIT A)

5. THE PLAINTIFF WAS GRANTED WORKING PERMIT, SOCIAL SECURITY AND LATER ON ASYLEE TRAVELING DOCUMENT. (EXIT B) B₂

6. THE PLAINTIFF WAS WORKING AND HAVE APPLIED FOR HIS FAMILY TO JOIN HIM WHILE MORE THAN 3 MONTHS LATER HE RECEIVED FROM HIS LAWYER A LETTER SAYING THAT HIS CASE WAS REOPENED.

7. FOR THAT ATTORNEY COLLINS ASKED AND RECEIVED $ 600 EXTRA FEES.

8. THE PLAINTIFF REAPPEAR IN THE COURT ON APRIL 13 2003 AND 3 Times MORE BEFORE SEPTEMBER 18th 2003, THE DATE IMMIGRATION JUDGE REVOKED HIS ASYLUM AND WITHOUT BREAK ANY LAW THE PLAINTIFF WAS IMMEDIATELY SENT IN PRISON DESPITE THE APPEAL PENDING. ATTORNEY Collins WHO WAS INTERROGED ABOUT SUCH A HARD DECISION AGAINST A NON CRIMINAL AND FOR A SIMPLE CIVIL MATTER LET THE PLAINTIFF AND HIS CHURCH MEMBERS BELIEVE THAT WAS BECAUSE OF IMMIGRATION PILOT PROGRAMM WHICH WILL NOT LAST MORE THAN ONE MONTH (EXIT C) 9. THE APPEAL OF THIS DECISION WAS DUE OCTOBER 20th 2003. ON OCTOBER First (1st) 2003 THE PLAINTIFF WAS BROUGHT TO THE COURT FROM PRISON FOR A BOND HEARING AND IN A DECISION ENTERED THE SAME DAY THE JUDGE GAVE PLAINTIFF BOND: $ 40.000. ATTORNEY Collins ASKED FOR NEW APPEAL DUE OCTOBER 31st 2003. (EXIT D)

10. ON OCTOBER 14th 2003 ATTORNEY Collins SENT PLAINTIFF A LETTER ASKING $ 5500 FOR MY APPEAL. IN THE SAME LETTER WAS ENCLOSED THE OCTOBER 1st 03 DECISION. (EXIT E)

11. I WROTE AND CALL HIS OFFICE IN ORDER TO GET COPY OF THE SEPTEMBER 18th 2003 DECISION BUT NEVER GET IT.

12. WHAT WAS AMAZING WAS THAT THE DECISION HE SENT TO ME HAS FOR DUE DATE OCTOBER 31st BUT THE LETTER STIPULES AND WARNS ME THAT THE LIMIT DATE OF MY APPEAL WAS OCTOBER 20th 2003 AND THAT THE BIA DOES NOT ACCEPT LATE APPEAL EVEN DUE BY THE POST OFFICE FAULT. (EXIT E SUPRA)

13. ATTORNEY Collins ASKED AND RECEIVED $ 1500 FOR DEPOSIT FOR SEND MY APPEAL BRIEF. I WROTE AND CALL TO GET COPY OF THE APPEAL BRIEF HE DID ON MY BEHALF BUT NEVER GOT IT.

14. AFTER 4 MONTHS IN JAIL WITHOUT RECEIVE A LEGAL

VISIT FROM MY LAWYER, NO ANSWER FOR LETTERS AND LEGAL CALLS I STARTED DOING RESEARCH BY MYSELF THEN I DISCOVERED THAT THAT THE DECISION SENT TO ME (SEE EXIT E SUPRA) WAS HAS NO-THING TO DO WITH THE ~~PLAINTI~~ PLAINTIFF'S ASYLUM CASE.

15. I NEVER BEEN CHARGED IN U.S.A BUT THE DECISION WAS STIPULED THAT I WAS ON CUSTODY UPON 8 CFR PART 236 WITHOUT SPECIFY ANY SECTION WITHIN WHICH I FELL.

16. ON JANUARY 12th 2004 I WROTE A MOTION TO THE COURT AND SENT COPY TO ATTORNEY COLLINS ABOUT THIS ERROR (EXIT F). AFTER RECEIVED COPY OF MY MOTION ATTORNEY COLLINS CAME IN PRISON TO VI-SIT ME AND AGREED WITH ME ABOUT THE "ERROR" AND ENSURE ME THAT HE WILL TAKE CARE OF IT.

17. ON FEBRUARY 02 2004 I WAS BEATEN BY MY CRIMINAL AND VIOLENT CELLMATE. STRESSED, DEPRESSED AND VERY DISCOURAGED I WAS FOR THE FIRST TIME OF MY LIFE, ABOUT TO COMMIT SUICIDE FOR NOT TO BE A CRIMINAL BUT BEING THREATED SO POORLY. I WAS PUT IN SUICIDE WATCH FOR 3 DAYS AFTER MET WITH THE PSYCHIATRIC DOCTOR. (EXIT G) 18. AFTER COMING BACK FROM THE PSYCHIATRIC HOSPITAL TO THE GENERAL POPULATION I WAS SHARED AGAIN A CELL WITH A CRI-MINAL 25 YEARS SENTENCED BECAUSE HE SHOT AND KILLED SOMEBODY. IN ALL MY 6½ MONTHS IN OSBORN INSTITUTION, I WAS LEAVING EVERY DAY INSIDE FEAR.

19. ON FEBRUARY 05th OT 06th 2004 I RECEIVED FROM ATTORNEY COLLINS COPIES OF AN APPEAL BRIEF, REQUEST OF EXTENSION TIME TRANSCRIPT AND OTHERS PAPERWORKS SIGNED BY INS PROSECUTOR TITLED "RICHARD SITCHA AFFAIR". MY NAME WAS THEREFORE CHANGED ~~FOR~~ FROM SITCHA RICHARD TO RICHARD SITCHA. INSIDE ALL THESE COPIES I STILL DON'T HAVE THE SEPT. 18th 03 DECISION

WHICH REVOKED MY ASYLUM AND SENT ME IN PRISON.

20. AMAZED, I WROTE TO ATTORNEY COLLINS ABOUT SUCH A BEHAVIOR INSIDE THE APPEAL BRIEF ATTORNEY Collins WAS CHARGED ME SAYING THAT THE HOMELAND SECURITY WAS CHARGED ME NOT ANY MORE UNDER 8 CFR Part 236 BUT UNDER SECTION (237 (EXIT H) I WAS ALSO SURPRISED THAT 5 MONTHS LATER MY APPEAL WASN'T DONE YET DESPITE ATTORNEY Collins LETTER (SEE SUPRA EXIT D) WARNING ME ABOUT LATE APPEAL. I did not know KNOW UPON WHICH DECISION MY LAWYER DID THIS APPEAL BRIEF SINCE I NEVER SEEN THE SEPTEMBER 18th 03 Decision, and the october 1st DECISION HE SENT TO ME DOES NOT CONCERN MY CASE AT ALL.

21. I THEN ASKED TO MS LORENA DUTELLE WHO FOLLOWED MY PROCEEDING FROM NEW JERSEY before THE ASYLUM officer AS INTER-PRETER TO ALL MY COURT DATES IN HARTFORT TO CALL ATTORNEY Collins OFFICE in order TO MEET TOGETHER IN OSBORN PRISON SO THAT WE CAN AS USUAL SPEAK ABOUT ALL THESE MISUNDERSTANDINGS ATTORNEY Collins SECRETARY LET HER KNOW THAT HE WON'T BE AVAILABLE FOR 2 WEEKS AND CANNOT MEET WITH ME.

22. I UNDERSTOOD THAT HE CANNOT ANY LONGER DEFEND MY INTEREST. I WROTE TO THE BIA Clerk TO INFORM HIM THAT I FIRED MY LAWYER AND NOT TO TAKE IN CONSIDERATION THE APPEAL BRIEF HE SENT ON MY BEHALF (EXIT I). I SENT ALSO A COPY TO ATTORNEY Collins AND TO THE INS COURT BUT THIS LAST COPY WAS RETURNED BACK TO ME.

23. ATTORNEY Collins WHO WAS NO LONGER MY LAWYER AND DESPITE THE LETTER I SENT TO THE BIA (SEE Supra EXIT I) SENT ME AGAIN A DECISION FROM THE BIA (EXIT J) WITHIN WHICH IT'S SAID THAT MY APPEAL WAS DISMISSED.

24. I DOUBTED ABOUT THE DECISION FOR I THOUGHT THAT AN HONORABLE COURT LIKE THE BIA WITH RESPECTABLE JUDGES CANNOT ISSUED SUCH A QUICK DECISION WHILE THE DEFENDANT WROTE TO WARN THEM ABOUT HIS CASE. ALSO ANY KIND OF DECISION SHOULD SUPPOSE TO BE SENT TO ME DIRECTLY SINCE ATTORNEY COLLINS WAS FIRED AND WAS NOT SUPPOSE TO HANDLE ANYTHING ABOUT MY CASE.

25. TO BE SURE THAT THE DECISION WAS REALLY FROM THE BOARD, I WROTE TO THE BIA AND LORENA DUTELLE DID THE SAME ON MY BEHALF (EXITS K₁, K₂) BUT THE BOTH LETTERS WAS RETURNED BACK TO ME IN PRISON WITHOUT ANY COMMENT.

26. DEPRESSED, STRESSED AND DISCOURAGED I UNDERSTOOD THAT THERE MAY BE SOMEHOW MY LAWYER CONSPIRACY AGAINST ME I THEN WROTE MANY LETTERS TO INS ASKING THE NECESSARY AMOUNT OF TIME SAYS BY THE LAW IN SUCH CASE TO LEAVE THE COUNTRY BUT NONE OF MY LETTERS GOT ANSWER.

27. ATTORNEY Collins CONSPIRACY AGAINST HIS CLIENT is CLEARLY SHOWED BY THE LETTER HE GOT FROM OUR BISHOP ROSAZZAS WHICH LETTER HE GAVE TO INS AUTHORITIES SINCE THE TIME I DISCOVERED THE CONSPIRACY HE FORMED AGAINST HIS CLIENT.

28. AS IT'S SHOWING ABOVE ATTORNEY Collins ORGANISED A SCENARIO AGAINST THE PLAINTIFE, HIS CLIENT TO KEEP GETTING HIS MONEY WITHOUT ANY EFFECTIVE ASSISTANCE. THIS CONSPIRACY COST THE PLAINTIFE 18 MONTHS IN PRISON WITH CRIMINALS, LOST OF MONEY, HIS PROPRETIES, CUTTING PLAINTIFE FROM HIS FAMILY, GIVEN HIM STRESS, DEPRESSION AND PSYCHOLOGICALLY DOWN. DURING ALL THIS PERIOD THE PLAINTIFE WHO NEVER BEEN IN JAIL ALL HIS LIFE SUFFERED WITH CRIMINALS AND WAS IN CONSTANT FEAR.

## II. THE VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.

1. ATTORNEY COLLINS VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE First (1st), 6th (SIXTH) AND FOURTEENTH (14th) AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES.

2. ATTORNEY COLLINS FAILED IN HIS FIDUCIARY DUTY TO HIS CLIENT SITCHA RICHARD IN AND FOR THE FACT THAT:

a) ATTORNEY COLLINS DID NOT PURSUE THE BEST INTEREST OF HIS CLIENT IN FOR THESE REASONS.

— ATTORNEY COLLINS SENT TO HIS CLIENT ON OCTOBER 16th 03 A DECISION CHARGED HIM UNDER 8CFR PART 236 WITH $40.000 BOND TO BE RELEASED FROM INS CUSTODY. HE DIDN'T NOTICE THAT THE DECISION WAS NOT CONCERNED HIS CLIENT CASE SINCE HE KNEW HIS OWN CLIENT HAS NEVER BEEN CHARGED. THE DECISION DID NOT SPECIFY ANY SECTION IN WHICH THE PLAINTIFF FAIL FELL.

• THE DECISION HAS DIFFERENT APPEAL DATE (OCT 31st 03) FROM THE INITIAL APPEAL DATE WHICH WAS ON OCT 20th 03. HE SHOULD REALIZE THAT THE SAME MATTER CANNOT HAVE 2 DIFFERENTS APPEAL DATES.

b) ATTORNEY COLLINS DIDN'T CHALLENGE MY CUSTODY NEITHER THE HIGHER AMOUNT OF BOND FOR A SIMPLE CIVIL MATTER.

— ATTORNEY COLLINS HAD JUST SAID TO HIS CLIENT AND HIS CHURCH MEMBERS THAT MY INCARCERATION WAS BECAUSE OF IMMIGRATION PILOT PROGRAMM, BUT IT'S NOT SHOWN ANY OF THIS REASON IN ANY DECISION TO JUSTIFY THE PLAINTIFF INCARCERATION.

— AS AN IMMIGRATION LAWYER ATTORNEY COLLINS SHOULD KNOW THAT SEEKING ASYLUM IS A CIVIL MATTER NOT CRIMINAL, AND HIS CLIENT FROM THE BEGINNING TO THE END HAS FOLLOWED THE LAW, JUST THE LAW AND ONLY THE LAW AND SHOULD NOT BE DETAINED

SINCE HIS APPEAL WAS PENDING.

- HE SHOULD ALSO KNOW THAT AN ASYLUM SEEKER IS INCARCE RATED AND SUBJECTED TO DEPORTATION ONLY WHEN HE BREAKS THE LAW SOMEHOW OR ONLY IF AT THE END OF THE PROCESS HE REFU- SED TO LEAVE THE COUNTRY AFTER THE TIME THE GOVERNMENT GAVE HIM. MY APPEAL WAS PENDING BUT I WAS ALREADY INCARCERA- TED WITHOUT ANY CHARGES.

- ATTORNEY COLLINS SHOULD ASK THE JUDGE TO GIVE HIM A REASONABLE AMOUNT OF BOND SINCE THE PLAINTIFF WAS NOT A DANGER FOR THE COMMUNITIES NOT A THREAT FOR NATIONAL SECURITY. DESPITE THE MEMORANDUM SIGNED BY 80 MEMBERS OF MY CHURCH AT THAT MOMENT ASKING TO LOWER MY BOND NOTHING WAS DONE.

C) THE COPY OF MY MOTION TO ATTORNEY COLLINS ON JAN 12th 2004.

- IF THE OCTOBER 1st 2003 DECISION WAS AN ERROR AS I THOUGHT AFTER RECEIVED COPY OF MY MOTION, ATTORNEY COLLINS SHOULD HAVE SPEEDED THE PROCESS OF MY RELEASE AND APOLOGIZE TO THE PLAINTIFF

- INSTEAD HE CONTINUED HIS MISREPRESENTATION BY SENDING LATE TO THE BIA AN APPEAL BRIEF SAYING THAT I WAS CHARGED UNDER SECTION 237 AND HE KNOWS THAT IT IS NOT TRUE.

## III  ARGUMENTS

1. A CLIENT IS ENTITLED TO THE REASONABLY COMPETENT ASSISTANCE OF AN ATTORNEY ACTING AS CLIENT'S DILIGENT AND CONS- CIENTIOUS ADVOCATE, ONCE HE OR SHE IS RETAINED. DEFENSE COUNSEL SHOULD BE GUIDED BY THE AMERICAN BAR ASSOCIATIONS (ABA) STAN DARDS, SHOULD INTER ALIA CONFER WITH THE CLIENT WITHOUT DELAY, AND AS OFTEN AS NECESSARY TO ELICIT MATTERS OF DEFEN- SE, ASCERTAIN POTENTIAL DEFENSES, DISCUSS POTENTIAL CHOICES

WITH THE CLIENT, PROMPTLY ADVISE CLIENT OF HIS RIGHTS AND TAKE PROMPT ACTION TO PRESENTE AND PRESERVE THE "CLIENT'S RIGHTS" SEE E.G. UNITED STATES V DECOSTER 487 F. 2d 1197 (DC Cir 1973). THE PLAINTIFF IS BRINGING THIS ACTION BASED ON UPON 3 REASONS.

— ATTORNEY Collins DIDN'T APPROACHED HIS CLIENT WHILE IN PRISON FOR ALMOST 5 MONTHS UNTIL THE PLAINTIFF HAD DISCOVERED AN "ERROR" IN HIS CASE AND SENT A MOTION IN COURT. HE ALSO DIDNT RESPOND FOR THE PLAINTIFF'S LETTERS AND LEGAL CALLS.

— ATTORNEY Collins WARNS THE PLAINTIFF ABOUT LATE APPEAL, TOOK MONEY BUT DIDN'T APPEAL FOR THE IMMIGRATION JUDGE DECISION IN TIME AND WHEN HE DID HE CHARGED HIS CLIENT INSIDE THE APPEAL AND IT IS NOT TRUE.

— ATTORNEY COLLINS FORMED A CONSPIRACY AGAINST HIS CLIENT BY GIVING TO INS AUTHORITIES A LETTER HE ASKED TO BISHOP PETER ROSAZZAS WHEN I DISCOVERED THE CONSPIRACY.

— 2. ABA RULES OF PROFESSIONAL CONDUCT, RPC SECTION 1 AND 2 CONTAINS 21 ETHICS RULES (ER), [ER-4]. LOYALTY TO A CLIENT IS SO IMPAIRED WHEN A LAWYER CANNOT CONSIDER, RECOMMEND OR CARRY OUT AN APPROPRIATE CAUSE OF ACTION FOR THE CLIENT BECAUSE OF THE LAWYER'S OTHER RESPONSABILITIES OR INTERESTS; THE THE CONFLICT IN EFFECT FORECLOSES ALTERNATIVES THAT WOULD OTHERWISE BE AVAILABLE TO THE CLIENT. THE CANONS OF PROFESSIONAL ETHICS MUST BE ENFORCED BY THE COURTS AND MUST BE RESPECTED BY MEMBERS OF THE BAR IF WE ARE TO MAINTAIN PUBLIC CONFIDENCE IN THE INTEGRITY AND IMPARTIALITY OF THE ADMINISTRATION OF JUSTICE SE RE: MEEKER, 76 N.M 354, 357, 414 C. 2d 862-864 (1996).

3. a) THE RIGHT TO CONFLICT FREE REPRESENTATION, DERIVES FROM THE SIXTH (6th) AMENDMENT. SEE GARCIA V BANNEL 33 F 3d 1193 (9th CIR 1994)

b) MY ATTORNEY'S PERFORMANCE WAS DEFICIENT IN THE CONTEXT THAT HE SENT TO ME A DECISION WHICH DOES NOT CONCERN MY CASE AND WHICH CHARGE ME AND PUT ME UNTO INS CUSTODY UPON $ 40.000 BOND TO BE RELEASED.

c) FURTHER MORE WHEN I DISCOVERED THE ERROR AND SENT COPY OF MY MOTION TO MY LAWYER HE DIDN'T MAKE ANY EFFORT TO CORRECT IT, INSTEAD HE CHARGED ME AGAIN INSIDE THE LATE APPEAL BRIEF AND PUSHED ME MORE INSIDE TROUBLE.

4. THE PLAINTIFF SITCHA RICHARD, DESPITE THE FACT THAT HE FIRED THE DEFENDANT ATTORNEY COLLINS FOR HIS MISREPRESENTATION, HE WAS TRYING TO WORK IN THE SHADOW AGAINST ~~AGAIN~~ ME. ATTORNEY COLLINS SHOULD HAVE ASKED THE BIA TO SEND DIRECTLY TO ME MY DECISION SINCE HE WAS NOT ANY LONGER MY LAWYER.

5. WITH SURPRISE THE PLAINTIFF RECEIVED A DAY WHILE IN PRISON IN OSBORN A VISIT OF A LAWYER WHO HAS PREPARED PAPER WORK ABOUT MY CASE AND JUST CAME TO ASK ME TO SIGN SAYING HE WAS SENT BY MY CHURCH COMMUNITY. THE PLAINTIFF BELIEVE THAT IT WAS ANOTHER CONSPIRACY FOR ~~MY~~ ATTORNEY COLLINS TO PUSH ME MORE INSIDE TROUBLE FOR THESE REASONS.

a) HE CLAIMS TO BE SENT BY MY CHURCH COMMUNITY BUT DOES NOT KNOW THE NAME OF ANYBODY OF MY CHURCH WHEN I AM ASKED HIM.

b) NOBODY FROM MY CHURCH COMMUNITY DIDN'T ADVISE ME ABOUT THAT I'M GOING TO RECEIVE A NEW LAWYER.

c) HOW THIS LAWYER WHO NEVER MET WITH ME BEFORE CAN MAKE



PAPER WORKS ~~WITHOUT~~ ON MY BEHALF WHILE HE ~~KEEPS REFERRING BEFORE HAD~~ DID NOT KNOW ANY THING ABOUT MY CASE UNLESS HE HAS CONTACT WITH MY EX LAWYER?

4) THIS LAWYER DIDN'T TELL ME HOW MUCH MONEY I HAVE TO PAY FOR LEGAL FEES, DIDN'T BRING ANY REPRESENTATION PAPER. ~~VA~~ TO BE SIGNED TO PROVE THAT HIS OFFICE WILL REPRESENT ME, ALL HE HAS WAS AN APPEAL HE DID ON MY BEHALF AND WAS ASKED ME TO SIGN. OBVIOUSLY I REFUSED TO SIGN.

5) A PLAINTIFF'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH (6th) AND FOURTEENTH (14) AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND HIS ~~FIRST~~ (1st) AMENDMENT RIGHT ALLOWING ACCESS TO THE COURT ARE VIOLATED WHEN PAID COUNSELS PERFORMANCE IS DEFICIENT TO THE POINT WHERE IT FALLS BELOW AN OBJECTIVE STANDARD OF REASONABLENESS AND THE DEFICIENT PERFORMANCE PREJUDICES THE DEFENSE. STRICKLAND V WASHINGTON, 466 U.S 688, 687-688, 104 Ct 2052, 2064 (1984)

6. WHEN COUNSEL'S PERFORMANCE AMOUNTS TO A CONSTRUCTIVE DENIAL OF ASSISTANCE ALTOGETHER, IT IS LEGALLY PRESUMED TO RESULT IN PREJUDICE. Id AT 693, 104 S. Ct at 2067. IN ALL OTHER SITUATIONS PREJUDICE IS SHOWN IF THERE IS A REASONABLE PROBABILITY THAT, BUT FOR DEFENSE COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULT OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT. A REASONABLE PROBABILITY IS A PROBABILITY SUFFICIENT TO UNDERMINE CONFIDENCE IN THE OUTCOME. Id at 694, 104 S. Ct, 2068.

7) I SHOULD NOT BE IN PRISON IF ATTORNEY Collins HAS DISCOVERED THAT THE IMMIGRATION JUDGE DECISION WAS NOT CONCERNING MY CASE

8) FURTHER IF ATTORNEY Collins WAS INNOCENT ABOUT THIS "ERROR" WHEN I SENT HIM COPY OF MY MOTION ABOUT THE "ERROR" HE SHOULD HAVE DONE EVERYTHING HE CAN TO ASK FOR MY FREEDUM AND I THEN

⑪

APOLOGIZE TO HIS CLIENT

7. HERE, COUNSEL'S PERFORMANCE EITHER AMOUNTED TO A CONS-TRUCTIVE DENIAL OF ASSISTANCE ALTOGETHER, OR FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS.

8. ETHIC'S RULES ARE EVIDENCE OF SCOPE OF DUTIES THAT A LAWYER OWES HIS OR HER CLIENT OR FORMER CLIENT. MIRABITIV V LICCIDO 4 CAL RPTV 2d 571 (CT APP 1992) and MAY BE INCORPORED TO SHOW THAT LAWYER BREACHED HIS OR HER FIDUCIARY DUTY TO CLIENT, WAISERMAN V LEVINE 544 A. 2d 693 (D.C 1998) FOR DETERMINE WHAT STANDARD OF CARE IS APPROPRIATE ALLEN V DUCAN, GRIMES & BERNER. P's 453 SE 2d 719 (Ga 1995) TO ADDRESS SPECIFIC HARM CLIENT SUFFERED AND LAWYER DISCIPLINARY NEGLIGENCE CASE, MAYOL V SUMMER, WATSON & KLIPNEL 585 N.E 2d 1176 (III APP CT) appeal denied, 585 NE 2d 630 (III, 1992) COURT FOUND IT STATES A CLAIM FOR RELIEF BASED UPON BREACH OF COMMON FIDUCIARY DUTY, USING BAR RULES MERELY TO PROVIDE SOME EVIDENCE OF STANDARD OF CARE.

9. THE APPROPRIATE ANALYSIS FOR DETERMINING PREJUDICE IS WHETHER "THERE IS A REASONABLE PROBABILITY THAT, BUT FOR DEFENSE COUNSEL'S UNPROFESSIONAL ERRORS, THE RESULTS OF THE PROCEEDING WOULD HAVE BEEN DIFFERENT "STRICKLAND V WASHINGTON" SUPRA, AT 694 10 SCT 2068. SUCH AN ANALYSIS DOES NOT REQUIRE AN EVA-LUATION OF WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE CONVICTION. SEE REDDY V COMBE 916 F. 2d 47, 52 FR 1 (2nd Cir 1990) OF KATTEAKOS V UNITED STATES 328 US 750 764-765, 66 SCT 1239

## IV   SUMMATION

1. AS SHOWN IN TOWER -V- GLOXER, 467 U.S 914 SCT 2820 PAID ATTORNEYS ARE NOT IMMUNE FROM (42 USC § 1983) CIVIL

RIGHTS LIABILITY WITH REGARD TO INTENTIONAL MISCONDUCT (IT IS IN-
TENTIONAL WHEN IT IS KNOWN THAT THE ACTION WILL CAUSE A VIOLATION)
WHEN ENTERING INTO A CONSPIRACY WITH THE PROSECUTION AND (OR THE
PROSECUTION HAS ENTERED INTO SAME CONSPIRACY WITH ANOTHER PROSE-
CUTOR SEE ALSO DENNIS V SPARKS 449 U.S. 24, 101 SCT 183, L. Ed 2d
185 P 2824 AN OTHERWISE PRIVATE PERSON ACTS "UNDER COLOR OF STATE
OR IMMIGRATION LAW" WHEN ENGAGED IN AN ACTION DETRIMENTAL TO OR
TO DEPRIVE ANOTHER OF FEDERAL RIGHTS.

2. THERE CAN BE NO FAIR TRIAL UNLESS AN ACCUSED RECEIVES
THE SERVICES OF AN EFFECTIVE AND INDEPENDENT COUNSEL COUNTY V DISSON
ATTORNEY COLLINS WAS NOT INDEPENDENT, AFTER GETTING MONEY
FROM THE PLAINTIFF HE HELPED INS TO PROSECUTE ME AND SENT ME SUFFER
INTO PRISON.

3. DUE TO THE INEFFECTIVENESS OF INDEPENDENT COUNSEL IT IS
COSTING THE PLAINTIFF, SITCHA RICHARD, 18 MONTHS ALREADY OF SUFFERING
IN JAIL INCLUDED 6½ MONTH IN A MAXIMUM SECURITY PRISON MIXED WITH
CRIMINALS WHERE HE WAS BEATEN BY HIS CRIMINAL CELLMATE, LOST OF
MONEY AND PROPERTIES, ATTEMPT TO SUICIDE, STRESS AND PSYCHOLOGI-
CALLY DEPRESSED EVERY DAY IN PRISON.

4. ATTORNEY COLLINS FAILED IN HIS FIDUCIARY DUTY TO HIS
CLIENT BY ABUSING THE TRUST AND FAITH PUT ON HIM.

5. ATTORNEY COLLINS DELIBERATELY DENIED TO HELP ME GET
OUT FROM PRISON WHEN I DISCOVERED THE "ERROR" AND SENT HIM A MO-
TION ABOUT IT.

6. SITCHA'S SIXTH (6th) and 1st Constitutional RIGHT WAS
VIOLATED BY ATTORNEY COLLINS

7. WHEN COUNSEL'S PERFORMANCE AMOUNTS TO A CONSTRUCTI-
VE DENIAL OF ASSISTANCE ALTOGETHER, IT'S LEGALLY PRESUMED TO RE-

(13)

SULT IN PREJUDICE.

B. IN THE INSTANCE, WHERE AN ATTORNEY - CLIENT RELATIONSHIP SHOWS PREJUDICE " REVERSAL IS MANDATED" U.S V MORRISON 449 U.S 361, 66 L Ed 2d 564 101 Sct 665(1931)

## V | RELIEF SOUGHT

1. THE PLAINTIFF WOULD ASK THE COURT TO DISBAR ATTORNEY Collins FROM IMMIGRATION COURTS

2. THE PLAINTIFF SEEKS DAMAGES IN COMPENSATORY WHICH WILL BE DETERMINED LATER ON TO THE COURT.

3. THE PLAINTIFF SEEKS PUNITIVE DAMAGES IN A AMOUNT TO BE DECIDED BY A JURY

4. SUCH FURTHER RELIEF AS THIS COURT MAY DEEM FAIR AND JUST.

I DECLARE UNDER PENALTY OF PERJURY THAT ALL THE ABOVE MADE STATEMENTS ARE TRUE TO THE BEST OF MY BELIEF AND KNOWLEDGE.

EXECUTED ON FEBRUARY 28th 05.

RESPECTFULLY SUBMITTED

SITCHA RICHARD