EXIT A

IMMIGRATION COURT
450 MAIN ST., ROOM 506
HARTFORD, CT 06103-3015

In the Matter of

SITCHA, RICHARD                     Case No.: A95-A61-653
    Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 16, 2003.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ ] The respondent was ordered removed from the United States to _____ or in the alternative to _____

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ alternative to _____

[ ] Respondent's application for voluntary departure was granted until _____ upon posting a bond in the amount of $ _____ with an alternate order of removal to _____

[X] Respondent's application for asylum was (X) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for withholding of removal was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A(a) was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's application for a waiver under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn or ( ) other.

[ ] Respondent's application for adjustment of status under section _____ of the INA was ( ) granted ( ) denied ( ) withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[ ] Respondent knowingly filed a frivolous asylum application after proper notice.

[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other:

Date: Jan 16, 2003
Appeal: (Waived)/Reserved    Appeal Due By: _____

                                    _____
                                    MICHAEL W. STRAUS
                                    Immigration Judge

THIS IS THE DECISION THAT GRANTED MY ASYLUM. I NEVER GET A DECISION SAYING THAT MY ASYLUM WAS RE-MOVED.

EXH A

ALIEN NUMBER: 95-441-653                           ALIEN NAME: SITCHA, RICHARD

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [X] ALIEN'S ATT/REP  [ ] INS
DATE: __11/6/03__  BY: COURT STAFF _____
    Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Q6

Exit B.1





Exit B2

**TRAVEL DOCUMENT**



Issued by the
Bureau of Citizenship
and Immigration Services

BEGINNING IN OCTOBER 2003, CITIZENSHIP AND IMMIGRATION SERVICES IS PRODUCING A NEW GREEN TRAVEL DOCUMENT TO REPLACE THE PREVIOUSLY ISSUED BLUE REFUGEE TRAVEL DOCUMENT AND WHITE REENTRY PERMIT. THE DOCUMENT TYPES WRITTEN ABOVE THE PHOTO IMAGE, ON THE BIOGRAPHIC PAGE, AND WILL SAY EITHER "PERMIT TO REENTER," OR "REFUGEE TRAVEL DOCUMENT."

THE NAME ON THE ATTACHED DOCUMENT HAS BEEN TAKEN DIRECTLY FROM YOUR IMMIGRATION SERVICE RECORDS. IF THIS NAME IS NOT CORRECT, YOU MUST FILE AN APPLICATION TO CHANGE YOUR ALIEN REGISTRATION CARD WITH THE APPROPRIATE DOCUMENTATION TO SHOW YOUR CORRECT NAME. AFTER RECEIPT OF A NOTICE INDICATING THAT YOUR REQUEST FOR CHANGE OF YOUR ALIEN REGISTRATION CARD HAS BEEN APPROVED, YOU MAY FILE A NEW APPLICATION FOR REENTRY PERMIT/REFUGEE TRAVEL DOCUMENT WITH A COPY OF THE NOTICE, AND THE REQUIRED FEE. IF IT IS DETERMINED AT THE TIME YOU FILE YOUR APPLICATION FOR CHANGE OF NAME AT YOUR LOCAL IMMIGRATION (CIS) OFFICE THAT IT WAS AN IMMIGRATION SERVICE (CIS) ERROR, YOU MAY NOT BE REQUIRED TO PAY THE FEE.

NSC-131

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY
Bureau of Citizenship and Immigration Services

(Exit B2)

## This is *NOT* a United States Passport

This Travel Document does not protect your residence for naturalization purposes. Pursuant to the provision of section 223 of the Immigration and Nationality Act, this document is issued to the person named herein and may be used to readmit its rightful holder to the United States, if otherwise admissible. See important information on pages 21, 22, 23, 24 and on the inside of the back cover.

*If this document is found, please return to:*
Bureau of Citizenship and Immigration Services
Nebraska Service Center
P.O. Box 87131
Lincoln, Nebraska 68501

THIS DOCUMENT AT ALL TIMES REMAINS THE PROPERTY OF THE UNITED STATES AND SHALL BE RETURNED TO THE GOVERNMENT UPON DEMAND.

Signature of Bearer / Signature Du Titulaire

---

### UNITED STATES OF AMERICA
### Department of Homeland Security

Bureau of Citizenship and Immigration Services

Refugee Travel Document
Form I-571 (Rev. 9-2-03)



Document de Voyage de Réfugié

| Field | Value |
|---|---|
| Type/Catégorie | TP |
| Country/Pays | CAMER |
| File Number/Numéro de Dossier | A95461653 |
| Entries/Entrées | M |
| Book#/Registre | 200019805 |
| Surname/Nom | SITCHA |
| Given Names/Prénoms | RICHARD |
| Middle Name/Deuxième Prénom | |
| Date of Birth/Date de Naissance | 25 MAY/MAI 1962 |
| Gender | M |
| Class | ASYLEE |
| Date of Issue/Date de Délivrance | 09 DEC/DÉC 2003 |
| Date of Expiration/Date d'Expiration | 09 DEC/DÉC 2004 |
| Restrictions/Restrictions | NONE |

TPUSASITCHA<<RICHARD<<<<<<<<<<<<<<<<<<<<<<<<<
2000198057CMR6205254M0412096LIN0319750397<06

# ST. ANNE-IMMACULATE CONCEPTION CHURCH

HARTFORD

**Mass Intentions**

## LITURGY/LITURGIA/LITURGIE MASS INTENTIONS

| Day | Time | Intention |
|---|---|---|
| Sat. 5/22 | 4:00 pm | +Phylis (Barrieau) Leger req. by Les Dames de Ste Anne |
| Sun. 5/23 | 8:30 am | +Mme. Emilia Daigle 10th anniv. req. by M.Mme Daniel Daigle |
| | 10:00 am | +Warren Suarez req. by Olga Suarez su madre |
| | 12:00 pm | +Narciso Velasquez req. by Marta Fitzgerald |
| Mon 5/24 | 8:00 am | +Loretta Lord req by George Lord |
| Tue. 5/25 | 8:00 am | +Rev. Francisco Pulgarin |
| Wed. 5/26 | 8:00 am | Special Intention |
| | 7:00 pm | People of the Parish req. by Sandra Toledano |
| Thur. 5/27 | 8:00 am | Special Intention |
| | 6:00 pm | Special Intention |
| | 7:00 pm | Special Intention |
| Fri. 5/28 | 8:00 am | Special Intention |
| Sat. 5/29 | 8:00 am | +Jair Jhovany Vargas req. by his family |
| | 4:00 pm | +Rev. Armand Neveu req. by M.Mme Herve Laguex |

**Lampe Du Sanctuaire**: Mme Antoinette Beaudoin

**OREMOS POR LOS ENFERMOS/FOR THOSE WHO ARE SICK/PRIONS POUR LES MALADES**: Helena Dutelle, Mary Leroux, Theresa Yannelli, Alice Bertrand, Mary Owens, Marcella Leroux, Antoinette Beaudoin, Emile Gervais, MS., baby Cassandra Martinez, baby Tyler Denault, Teofilia Wilson, Mrs Pat Ottenad, Mme Claircine Francois, Victor Laboy, Victor Bilbraut Senior, Jose Vizcarrondo

**LOS QUE HAN MUERTO/PRAY FOR THE FOLLOWING DECEASED / POUR LES DÉFUNTS:** for all those seeking political asylum and are being detained due to a pilot immigration program, especially Richard ...cha.

## UPCOMING EVENTS

**May 27, Thursday**: Parish Council, 7:00PM
**May 29, Saturday**: Pro-Life Meeting, 10:00 AM at the Parish Center

### First Hispanic Archdiocesan Youth Congress

*"Youth, looking for the Truth"*
...rday May 29, 2004, at St Anne-Immaculate ...eption Parish. From 8:00 AM until 6:00 PM. $15.00. For more information, Please call at 243-0940 Lucy Yunez. All our young people ...vited.

## RELIGIOUS EDUCATION CALENDAR

May Classes: 29, Last day of classes and Award day, basement of the Church at 2:30 PM

### THANK YOU CCD TEACHERS!

At the heart of every religious education program, are the dedicated and loving men and women, who volunteer to share their faith with the children of our parish. These volunteers give their time and talents week after week teaching our children. May God bless them, for they are the treasures of our CCD program. We also thank our office assistants.

**First Holy Communion Class**

**May 29**: Award day: basement of the Church (2:30 – 3:30 PM)
**June 5**: Retreat for children, from 10:00 AM. Until 12:00 (noon) in the classrooms (basement of the Hall)
**June 12**: No activities
**June 19**: First Penance. A Penance service with Parents and children at 10:00 AM. in the Church
**June 26**: First Holy Communion Day, 10:00 AM. in the Church.

### FINANCIAL UPDATE

Because our Last Week's Collection (May 16th) was not sufficient, there was a deficit of $5,003. For that reason, to pay the bills we had to use our savings. Please try to help us with greater financial support. Your generosity is appreciated. In time our savings will be gone.

The second collection today will be for the repairs and maintenance on our buildings and properties. Please be generous.

## Sharing God's Blessings.. Joining Hands with Christ

**2004 Archbishop's Annual Appeal results Update**

Parish Goal: $8,100.00.    Families participating: 44
Parish Pledge Total: $3,571.00.
% Families part: 10.16%    % of Goal Achieve: 44.09%

If you have yet to make your gift or pledge do so TODAY. Than you for supporting the 2004 Archbishop's Annual Appeal. (AAA)

Liturgical Publications, Inc., our bulletin Publisher, will have a representative come to our parish within next week, May 24th. We would like to thank our present advertisers for renewing their ad, and for those interested in placing a new one this year, please contact the rectory. Keep in mind; our advertising sponsors make your bulletin possible.

EXIT D.

653

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
450 MAIN ST., ROOM 509
HARTFORD, CT 06103-3015

In the Matter of:
SITCHA, RICHARD

Case No.: A95-461-653

Docket: HARTFORD, CONNECTICUT

RESPONDENT

IN REMOVAL PROCEEDINGS

CUSTODY ORDER OF THE IMMIGRATION JUDGE

Request having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 236 and having considered the representations of the Immigration and Naturalization Service and the respondent, it is HEREBY ORDERED that:

The request for a change in the custody status of the respondent be granted and that the respondent be released from custody upon posting a bond of $40,000 (not less than $1,500) and the conditions of the bond remain unchanged.

MICHAEL W. STRAUS
Immigration Judge
Date: Oct 1, 2003

Appeal: RESERVED by respondent (A/I/B)
Appeal Due By: Oct 31, 2003

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [✓] Alien's ATT/REP  [✓] INS
DATE: 1.1.03  BY: COURT STAFF  ES
Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

Form EOIR 1 - 1F (Custody - REMOVAL)
SS7

LAW OFFICE OF
# ANTHONY D. COLLINS, P.C.

GENERAL PRACTICE AND IMMIGRATION LAW

664 FARMINGTON AVENUE
HARTFORD, CONNECTICUT 06105
E-MAIL: acollins@immigrationlawyerct.com

ANTHONY D. COLLINS

NANCY E. MARTIN

TELEPHONE
(860) 233-1616

FAX
(860) 233-8578

October 14, 2003

Richard Sitcha
Inmate#: 314760
100 Bilton Road
POB 100
Somers, CT 06071

> I WAS INCARCERED IN OSBORN CORRECTIONNAL INSTITUTION ON THIS ADDRESS, A MAXIMUM SECURITY PRISON FROM SEPT 18th 2003 TO MARCH 29th 2004 WITH THE INMATE NUMBER # 314760. THEN I HAVE BEEN TRANSFERED IN GREENFIELD COUNTY JAIL TILL NOW. THE IJ IS IN VIOLATION OF THE SUPREME COURT RULE IN THE CASE OF ZADVYDAS V DAVIS AND ASHCROFT V MA. I'M DOING 10 MONTHS ALREADY.

Re: Appeal

Dear Mr. Sitcha,

To date, we have not received any payment regarding your appeal. If we do not receive payment in the amount of $5500, we cannot file your appeal. It is your responsibility to provide us with the funds.

If we do not receive payment by Thursday, October 16, 2003, we will assume that you are proceeding without us as your counsel. In the event of this, we are providing you with materials so that you may file your appeal on your own. I have included the Notice of Appeal, the Appeal Fee Waiver, a Change of Address form, and a copy of the Immigration Judge's decision. We can provide you with a copy of your file at your request. Please note the appeal must be received at Board of Immigration Appeals (BIA) by October 20, 2003. If you are filing your appeal without our assistance, then you should complete the necessary forms and mail them as soon as possible. The BIA does not accept late appeals, even those that arrive late due to errors by the Postal Service.

If you have any questions, please contact our office.

Sincerely,

ALEC T. NIZIOLEK

RICHARD GAKUBA 319760
OCI 335 BILTON ROAD
P.O. BOX 100 SOMERS
CT 06071

ALL MAIL MUST PASS BY
ATTORNEY COLLINS.

01-12-2004

Dear ATTORNEY

I HOPE YOU, YOUR STAFF AND ALL YOUR FAMILY HAVE CELEBRATED A BLESSINGS FEAST OF END OF THE YEAR. I'M HELL SINCE 4 MONTHS WITHOUT COMMITED ANY CRIME AND AS YOU SAID BECAUSE OF HOMELAND SECURITY PILOT PROJET WHO HAS BEE OVER FEW MONTHS AGO. YOU ARE MY LAWYER BUT I NEVER RECEIVED YOUR VISIT, MY LETTERS OR PHONE CALL NEVER GOT ANSWERS. I DON'T REALLY KNOW WHAT I DID AGAINST YOU. EVEN KILLERS WHEN THERE ARE IN PRISON RECEIVE THE VISIT OF THEIR LAWYER. I CHOSED YOU AS MY LAWYER AMONG MANY WHO WAS PROPOSED TO ME BECAUSE OF FATHER JAMES MY FORMER PASTOR WHO I THOUGHT IS YOUR FRIEND. I ALWAYS HAVE CONFIDENCE ON YOU. BUT I'M VERY SURPRIS AND LORENA TOO FOR YOU REACTION DURING THIS LAST TIME YOU ASKED FOR A DOWN PAYMENT FOR APPEAL WHICH HAVE BEEN GIVEN TO YOU. I ASKED FOR A COPY I DESERVE AS YOU CLIENT BUT I DIDN'T GET ANY AND I DIDN'T RECEIVE NO EXPLANATION ABOUT IT. WHAT'S GOING ON? ANY HOW I'M A CHRISTIAN AND I TRUST IN GOD. IF I HAVE DONE SOMETHING WRONG TO BE IN PRISON GOD WILL LET ME MAKE MY SENTENCE, IF NOT HE WILL LET ME OUT. ALL INMATES WHO DID A MINOR CRIME OR FELONY ARE FREE FOR LONG TIME, AND INMATE POPULATION ARE VERY SURPRISED FOR MY CASE BECAUSE THEY WAS NOTHING THAT I WILL BE THE LAST PERSON TO BE HERE. THEY SAID THAT THEY ARE SOMETHING WRONG SOMEWHERE. NOW I BELIEVE THAT AND FOR 2 REASONS.

① PRESIDENT BUSH PLEADED FOR ILLEGAL IMMIGRANTS WITHOUT CRIME RECORD TO BE SET FREE. HOW ABOUT LEGAL IMMIGRANTS WITHOUT CRIME? THAT MEANS MY DETENTION IS ILLEGAL.

② THE 8CFR PART 236 UNDER WHAT I STILL DETAINED SAY APPREHENSION, DETENTION OF INADMISSIBLE AND DEPORTABLE ALIENS; REMOVAL ALIENS ORDERED REMOVED.

ATTORNEY COLLINS YOU KNOW THAT I'M NOT CONCERNED BY THIS. IT DOESN'T HAVE ANY LINK WITH MY ASYLUM CASE THIS SUPPOSE TO BE FOR PEOPLE WHO HAVE RECORD AND I DON'T HAVE ANY. YOU AND LORENA ARE MY WITNESSES FOR THE FACT THAT ALL THE TIME I WAS IN IMMIGRATION COURT IT WAS FOR MY POLITICAL ASYLUM PROBLEM. I DON'T KNOW IF YES OR NO YOU HAVE NOTICED THIS UNFORTUNATE ERROR OR CONFUSION OF THE IMMIGRATION JUGE. AND IT WHY I STILL BE HELD WITH HIGHER BOND. NOW I HAVE DISCOVERED THAT, I SEND TO YOU COPIE OF MY MOT OF BOND REDUCTION. I ASK FOR THE COURT TO TAKE IN CONSIDERATION THIS GREAT CHANGEMENT. I HOPE YOU WILL BE PRESENT TO CONTINUE TO DEFEND ME.

THANK YOU
SINCERELY YOURS
RICHARD SITCHA
IN THE JAIL LIBRARY

N.B. I READ AND DISCORVERED THAT ALL CASES TITLED WITH C.F. ARE CRIMINAL AND THOSE WHO ARE TITLE WITH USC ARE CIVIL. POLITICAL ASYLUM IS CIVIL MATTER. HOW COME THAT HE CAN BE TITLED LIKE THIS 8 CFR Part 236?

THE MATTER OF: SITCHA RICHARD   CASE N° A95-461-653

EXIT F

## MOTION FOR BOND REDUCTION

I, SITCHA RICHARD, RESPECTFULLY MOVES THE COURT FOR REDUCE BOND. I'M AN IMMIGRANT LAWFUL ENTERING SEEKER FOR POLITICAL ASYLUM WHICH HAS BEEN GRANTED ON JANUARY 16th 2003. I APPLIED FOR MY FAMILY TO JOIN ME. I WAS WORKING PEACEFULLY. I NEVER COMMITTED OR BE INVOLVED IN ANY FELONY OR CRIME. FEW MONTHS LATER I RECEIVED FROM MY LAWYER A LETTER. I REAPPEAR TO THE COURT BECAUSE THE INS PROSECUTOR ASKED TO REOPEN MY ASYLUM CASE. AS USUAL I WENT TO THE COURT AND ON SEPTEMBER 18th 2003 THE JUDGE DECIDED TO REMOVE THE ASYLUM HE GRANTED ME BEFORE AND I WAS ARRESTED AT THE COURTROOM AND SENT TO JAIL. MY LAWYER ASKED FOR APPEAL DUE BY OCTOBER 20th 03. THEN ON OCTOBER 1st 2003 I WENT AGAIN TO THE COURT AND THE JUDGE GAVE ME $40.000 BOND. MY LAWYER ASKED AGAIN FOR APPEAL DUE OCTOBER 31st 2003. I NEVER GET COPY OF SEPTEMBER 18th 2003 NEITHER COPIES OF ALL APPEALS MY LAWYER WAS SUPPOSED TO DO IN MY BEHALF. BUT HE SENT ME COPY OF THE OCTOBER 1st 2003 DECISION ABOUT THE BOND WHICH SUMMARY SAYS THIS: "REQUEST HAS BEEN MADE TO CHANGE INTO CUSTODY THE STATUS OF THE RESPONDENT PURSUANT 8 CFR PART 236 ... AND THAT REQUEST HAS BEEN GRANTED UPON POST A BOND OF $40.000 ... LESS THAN $1500 TO BE RELEASED".

I PLEASE THE COURT FOR BOND REDUCE FOR THESE REASONS:
THE 8 CFR PART 236 SAYS THIS: "APPREHENSION, DETENTION OF INADMISSIBLE AND DEPORTABLE ALIENS; REMOVAL ALIENS ORDERED (REMOVED)". I HAVE BEEN ARRESTED IN THE COURTROOM. I NEVER BEEN JUDGED INADMISSIBLE NOR ORDERED DEPORTABLE. I NEVER BEEN INVOLVED IN A FELONY OR A CRIME. EVERY TIME I WAS IN COURT IT WAS IN THE INS COURTROOM AND I NEVER BEEN HEARD IN ANY OTHER MATTER THAN ASYLUM. I'M NOT CONSEQUENTLY CONCERNED BY THE 8 CFR PART 236. MY LAWYER AND MY CHURCH REPRESENTATIVE LORENA DUTELLE WAS PRESENT IN THE COURT ON OCTOBER 1st 2003. THIS

SHOULD BE [ILLEGIBLE] WHICH SHOULD HAVE MOTIVATED THE JUDGE TO SEND ME IN JAIL WITH $10,000 BOND. I'M FAR TO BE A DANGER FOR NATIONAL SECURITY OR FOR COMMUNITIES. INSTEAD I HELP COMMUNITIES IN DIFFERENTS WAYS.

- I'M MEMBER OF SAINTE ANNE IMMACULATE CONCEPTION CHURCH WITHIN WHICH I'M READER LEADER AND SINGER. I HELP OLD PEOPLE OF MY CHURCH. BY MY FINANCIAL CONTRIBUTION I HELP THE ARCHDIOCESE OF HARTFORD THROUGH THE ARCHBISHOP ANNUAL APPEAL, I HELP PRIESTS THROUGH THE FUND OF RETIRED PRIESTS, I HELP THE FOODS SERVICE INC IN FLORIDA TO NOURISH POOR CHILDREN. SINCE LAST YEAR I HELP WESLEYAN STUDENTS OF MIDDLETOWN UNIVERSITY WHO HAVE FOCUSED THEIR RESEARCH TOPIC ABOUT AFRICA TO ACHIEVE THEIR WORK OF RESEARCH FOR THEIR GRADUATION.

- PRESIDENT BUSH IS PLEADING TO RELEASE UNLAWFUL IMMIGRANTS WITHOUT CRIME RECORD. I'M LAWFUL, WITHOUT CRIME RECORD BUT I'M DETAINED.

FOR THESE REASONS ABOVE I ASK THE COURT WITH ALL DUE RESPECT TO GRANT ME RELIEF UNDER PROMISE TO APPEAR OR TO REDUCE MY BOND AT THE MINIMUM OF $1500.

- I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

- I PLEASE THE COURT TO BE INFORMED WITHIN 7 DAYS BEFORE THE HEARING FOR PROVES AND WITNESSES NEEDED.

THANK YOU
RESPECTFULLY SUBMITTED
SITCHA RICHARD

EXIT F

IN THE MATTER OF SITCHA RICHARD          CASE N° A95-461-653.          02-10-2004

(Exit I)

Dear Clerk of Board of Immigration Appeals,

I respectfully ask you to cancel all the acts my lawyer Anthony L. Collins sent to your office about my case. I'm very desappointed by his representation. I'm a simple seeker of political asylum which is a civil matter. I'm a peaceful person who has never been involved in a crime or a felony and I have never been heard on any other matter than political asylum nor than any other court than INS court. I noticed that an unfortunate error of the immigration judge in my case has sent me in jail. I sent a motion to the INS clerk office and copy to my lawyer. Despite the fact he agreed with me about the error he didn't see I don't know why, he never asked the court to schedule a date for a hearing about my motion. On February 09-04, he sent me a copy of an appeal brief and copy of a request for extension of time file brief, he has sent to your office and to Homeland Security Trial Attorney Unit 450 Main St. Hartford CT Room 483 on January 5th -04. I can't understand why for a civil matter as seeking for political asylum a copy of all these documents should be sent to the Trial Unit of Homeland Security Instead to be sent to INS Room 509 which is in charge of civil matter like mine. I never been in Room 483. Since October 1st decision I have contested. I never been again to the court and I haven't received copy of any decision since that day. I have lost confidence in my lawyer and I don't want him to represent me anymore. I will not acknowledge all acts my lawyer did on my behalf after October 31st 2003 and between January 16th 2003 and October 31st 2003 only letter he has sent me a copy.

Thank you
Respectfully submitted
Sitcha Richard

CERTIFICATION OF SERVICE

I, SITCHA RICHARD, CERTIFIES THAT THIS LETTER WAS SENT BY U.S. POSTAGE TO

- ATTORNEY ANTHONEY D. COLLINS AT 664 FARMINGTON AVENUE HARTFORD CT 06105 ON FEBRUARY 11-2004

- DEPARTEMENT OF HOMELAND SECURITY TRIAL ATTORNEY UNIT AT 450 MAIN ST HARTFORD CT 06103 ON FEBRUARY 11-2004

(EXIT I')



U.S. Department of Justice

(Exit J)

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

Collins, Anthony D., Esquire
664 Farmington Avenue,
Hartford, CT 06105-0000

U.S. INS/HAR
450 Main St, Room 483
Hartford, CT 06103-3060

Name: SITCHA, RICHARD                    A95-461-653

Date of this notice: 02/25/2004

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Frank Krider
Acting Chief Clerk

Enclosure

Panel Members:
    HESS, FRED

U.S. Department of Justice  
Executive Office for Immigration Review  

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

(Exit J')

File: A95-461-653 - HARTFORD                                          Date:

In re: SITCHA, RICHARD                                                FEB 2 5 2004

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Collins, Anthony D., Esquire

ON BEHALF OF DHS: Mapplebeck, Leigh, Assistant District Counsel

ORDER:

    PER CURIAM. The respondent has appealed from the Immigration Judge's decision dated September 18, 2003. The Immigration Judge correctly granted the Department of Homeland Security's (the "DHS," formerly the Immigration and Naturalization Service) motion to reopen and correctly found that the respondent, a native and citizen of Cameroon, was not credible, and, as such, he properly denied the respondent's application for asylum and withholding of removal and his request for protection under the Convention Against Torture (I.J. at 6-8). See sections 208 and 241(b)(3) of the Immigration and Nationality Act; 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 1208.16-18.

    We disagree with the respondent's assertion on appeal that the Immigration Judge erred in granting the DHS's motion to reopen because it was not supported by affidavits or other evidentiary material and did not establish that the evidence sought to be offered was material or was not available and could not have been discovered or presented at the respondent's initial individual hearing. To the contrary, the DHS's motion to reopen was supported by evidentiary material, including a partially completed investigation report conducted by consular officer Dana Francis, along with objective evidence indicating that many of the Cameroon asylum applications are fraudulent. (Exh. 7). 8 C.F.R. § 1003.23(b)(3). We note that the partial investigation report was not completed until after the respondent's initial individual hearing, and the full investigation was not expected to be completed until several months after the motion to reopen was filed (Exh. 7). Accordingly, the evidence sought to be offered was not available and could not have been discovered or presented at the respondent's initial individual hearing. 8 C.F.R. § 1003.23(b)(3).

    We further disagree with the respondent's assertion that the Immigration Judge denied his due process rights when he granted DHS's motion to reopen without conducting a hearing on the motion and without informing the respondent of the basis for the decision so that the respondent could challenge it. Specifically, we find that the Immigration Judge was not statutorily required to hold a hearing on the DHS's motion to reopen, and any challenge with regard to the new facts submitted by the DHS in their motion to reopen could have been raised by the respondent at his subsequent individual hearing. See generally 8 C.F.R. § 1003.23(b)(3).

    In addition, we disagree with the respondent's assertion on appeal that the Immigration Judge used unreliable hearsay in making his adverse credibility finding against the respondent after reopening asylum proceedings. First, Obianuju Ezeagwunu v. Aschroft, 301 F.3d 116 (3d Cir. 2002), aff'd 325 F.3d 396 (3d Cir. 2003), does not apply to the instant case because Obianuju Ezeagwunu v. Aschroft was raised in the Third Circuit and the respondent's case is raised in the Second Circuit. Further, it is well established that the strict rules of evidence are not applicable in immigration proceedings. See generally Matter of Wadud, 19 I&N Dec. 182, 188 (BIA 1984). Under the circumstances in this case, we conclude that it was appropriate for the Immigration Judge to consider the consular investigator's testimony in determining whether the respondent was credible.

(Exit J)

Finally, the Immigration Judge correctly found that the respondent was not credible based on the inconsistencies between the respondent's affidavit, his supporting documents, and the consular investigator's testimony. The inconsistencies between the respondent's statements in his affidavit, his supporting documents, and the consular investigator's testimony regard events central to the respondent's asylum claim and are specific and cogent enough for us to conclude that he is not credible. Matter of A-S-, 21 I&N Dec. 1106 (BIA 1998). Specifically, the consular investigator testified that the lawyer of Mrs. Kouatou, a family member of a "Bepanda 9" victim whom the respondent alleged he assisted in an investigation of the "Bepanda 9" affair and from whom the respondent alleged to have received a supporting letter, relayed to the investigator that Mrs. Kouatou did not know anybody by the name of "Richard Sitcha" (Aff.; Exh. 4 at Tab Q; Tr. at 128-29). Further, the consular investigator testified that Father Jean Pierre Mukengeshay, a priest whom the respondent alleged he assisted in an investigation of the "Bepanda 9" affair and from whom the respondent alleged to have received a supporting letter, relayed to the investigator that he did not know the respondent nor did he ever receive any assistance from the respondent in his investigation of the "Bepanda 9" affair (Aff.; Exh. 4 at Tab S; Tr. at 129-31). Based on the foregoing inconsistencies, we agree with the Immigration Judge's adverse credibility determination. Accordingly, the appeal is dismissed.

_____
FOR THE BOARD